DOYLE L. WEISS *v.* E. DARLENE WEISS.

[No. 2-1172A93.  Filed January 30, 1974.]

*Bennett, Boehning & Poynter,* of Lafayette, for appellant.

*Thomas W. Munger,* of Lafayette, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Defendant-Cross Appellant Doyle L. Weiss (Doyle) appeals from a divorce decree awarding $20,000 in alimony to Plaintiff-Cross Appellee E. Darlene Weiss (Darlene), claiming the trial court's Special Findings were incomplete and abuse of discretion in the alimony award.

We affirm.

## FACTS

The facts and evidence most favorable to the trial court's judgment are:

Doyle and Darlene were married in 1953. At that time, Darlene was a graduate nurse, and Doyle was in the Navy.

After his discharge, Doyle returned to Kansas University, which he attended for one and one-half years in order to obtain his bachelor's degree. During this time both of the parties were employed.

After holding a full-time job for two years, Doyle returned to graduate school for seven years' work, culminating in a Ph.D.

In 1959, a child, Roxanne, was born of the marriage.

In 1965, Doyle accepted a teaching position at Purdue University, and the couple took up residence in West Lafayette.

While the record before us is incomplete, it appears that the parties were separated in early 1969 and later in that year Darlene filed her first Complaint.

That portion of the transcript of the trial proceedings which is before us on appeal deals mainly with the property and earning capacity of the parties.

At the time of the trial in 1971, Doyle's salary from his teaching responsibilities was established at approximately $23,000 per year. In addition, Doyle was a member of a partnership, King-Weiss Associates, which acted as an industrial consultant. Doyle had received as much as $14,000 per year as a result of his participation in the partnership, but the future of the partnership was determined to be uncertain.

Darlene was employed as a nurse, earning a salary of $8,100 per year. A great deal of the testimony present in the record concerns the evaluation of some 2,500 shares of stock in a closely held corporation which were owned by Darlene. These shares were apparently the result of a "private placement" and as such could not be sold until they had (1) been held for a period of time sufficient to indicate that the purchaser had bought them for the purpose of investment, or (2) a proper registration under the applicable state and federal statutes. Darlene had paid $1 per share for the stock approximately one year before the trial.

The court awarded custody of Roxanne to Doyle, granted a divorce and $20,000 alimony to Darlene, and entered the following "Special Findings of Fact" (omitting formal parts):

"The Court, *at the request of Plaintiff*, now finds:

1. When this action was submitted, more than sixty (60) days had elapsed following the issuance of summons, which was duly served on Defendant more than ten (10) days prior to the return date.

2. The parties were duly married December 23, 1953, separated prior to the commencement of this action, and have not cohabited since such separation.

3. One child was born to this marriage, Roxanne Weiss, October 3, 1959.

4. Each of the parties has been guilty of cruel and inhuman treatment of the other; the misconduct of Defendant occurred first, and effectively destroyed the marriage relationship.

5. No reasonable prospects of reconciliation exist, and the continuation of the marriage would serve neither the interests of the parties, their child, nor society in general.

6. The parties own certain real and personal property, namely:

A residence at 109 E. Navajo Drive, West Lafayette, title held by the entireties, estimated equity Eight Thousand ($8,000.00) Dollars to Ten Thousand ($10,000.00) Dollars.

One-half interest in King, Weiss And Associates, Management Consultants, held by Defendant. Current value of Defendant's interest in this partnership, including partnership interest in airplane, is approximately Three Thousand ($3,-000.00) Dollars.

Defendant's interest in Teachers Insurance and Annuity Association and College Retirement Equity Fund, Six Thousand ($6,000.00) Dollars.

Plaintiff has equitable ownership of two thousand five hundred (2,500) shares of stock of Information Systems Development, Inc. of undetermined value.

1966 Mustang automobile in possession of Defendant. Estimated value, Two Hundred Fifty ($250.00) Dollars.

1964 Rambler Station Wagon in possession of Plaintiff. Estimated value, Two Hundred Fifty ($250.00) Dollars.

7. That Defendant has earnings in excess of Twenty Three Thousand ($23,000.00) Dollars per year from teach-

ing and consulting services, with a considerable degree of security and excellent prospects for future increases.

8. That Plaintiff made substantial contributions to the support of the family during the early years of the marriage. Later, she contributed to the accumulation of property by housekeeping, home-management and child care services.

9. That the best interests of the parties would be served by awarding an absolute divorce to Plaintiff.

10. That Plaintiff is entitled to alimony in the sum of Twenty Thousand ($20,000.00) Dollars, together with attorney fees in the sum of Two Thousand Five Hundred ($2,500.00) Dollars.

11. That the best interests of Roxanne Weiss would be served by awarding her custody to Defendant, with liberal visitation rights to Plaintiff." (Emphasis supplied.)

Property not included in the Findings of Fact were a $500 certificate of deposit owned by Doyle and the minor child, a $300 camera owned by Doyle, his professional library for which no value was established, Darlene's checking account with a balance of $80, and household furniture owned by both parties.

The record contains no written request by either party to find the facts specially.

In granting the divorce, the trial court awarded Darlene possession of one of the cars and the personal property then in her possession. The alimony of $20,000 was ordered to be paid in 120 equal monthly installments of $167.

## ISSUES

ISSUE ONE. Did the trial court fail to make Special Findings of Fact as required by Trial Rule 52?

ISSUE TWO. Was the award to Darlene of $20,000 in alimony an abuse of the trial court's discretion?

As to ISSUE ONE, Doyle argues that the trial court should have made Findings of Fact as to the value of Darlene's stock

in the closely held corporation, and the value of her present and prospective earnings. Such Findings were mandatory, he contends, because Special Findings of Fact had been requested by the Plaintiff.

As to ISSUE TWO, Doyle asserts that the court's allocation of property and the respective earning capacities of the parties did not justify an award of $20,000 in alimony.[1]

## DECISION

ISSUE ONE.

CONCLUSION—It is our opinion that the trial court was not required to make special findings of fact under Trial Rule 52.

Doyle's position is that by prefacing its Special Findings of Fact with the sentence, "The Court, at the request of Plaintiff, now finds:", the trial court indicated that the Findings were mandatory under Trial Rule 52(A). Thus he cuts at the trial court's alleged incomplete findings with the technical sword of Trial Rule 52(A), which, unfortunately for him, has another edge, 52(D).

It (52(D)) provides:

"(D) FINDINGS UPON PART OF THE ISSUES. The court may make special findings of fact *upon less than all the issues* in a case when

(1) special findings of fact are made *but are not required under this rule;* or

(2) findings are required because of the request of a party or parties who have demanded *findings only upon such specified issues*." (Emphasis supplied.)

So complete findings are not mandatory unless required by some other provision of Trial Rule 52.

The only pertinent provision of Trial Rule 52 *requiring* the facts to be specially found other than certain classes of cases

---

1. Although Darlene is represented by counsel who argued certain preliminary matters on her behalf, no Brief has been filed in answer to Doyle's contentions as to the merits of this appeal.

not applicable here, is upon "the written request of any party filed with the court prior to the admission of evidence. . . ." (Rule TR. 52(A).)

The record before us contains no such written request for Special Findings of Fact and no claim is made that a request was made in writing prior to the admission of evidence.

We cannot conclude from the trial court's gratuitous statement that the Findings were made "at the request of Plaintiff" that such a request was made in accordance with the requirements of Trial Rule 52(A). It was Doyle's responsibility to properly file the request and to insert same in the record. *See, State* v. *Maplewood Heights Corporation* (1973), 261 Ind. 305, 302 N.E.2d 782; *Fender* v. *Lash* (1973), 261 Ind. 373, 304 N.E.2d 209; *Dager* v. *Indiana Suburban Sewers, Inc.* (1970), 254 Ind. 137, 140, 261 N.E.2d 858.

As Justice Prentice said in *State* v. *Maplewood Heights Corporation, supra:*

> "There is nothing in the record to disclose who submitted the form of judgment or whether or not it had been directed by the court. Hence the error, if any, is not disclosed by the record and will not be reviewed. Error alleged but not disclosed by the record is not a proper subject for review. Cooper v. State (1972), [259] Ind. [107], 284 N.E.2d 799; Fortune v. State (1937), 212 Ind. 325, 9 N.E.2d 81; Campbell v. State (1897), 148 Ind. 527, 47 N.E. 221." (302 N.E.2d at 784.)

Even were we to assume that a written request was filed before the introduction of evidence, there is no indication whether the request was for complete findings or partial findings. While TR. 52(D)(2) authorizes special findings upon less than all of the issues, we cannot presume from Doyle's unsupported assertion that the request was for special findings upon *all* the issues.

Incomplete the Findings may have been, but Doyle is unable to demonstrate either that he was harmed or that the Special Findings were required to be complete. Nor can we

set aside the Findings or the judgment because these Findings were "clearly erroneous." Rule TR. 52(A). *See, First National Bank of Mishawaka* v. *Kamm* (1972), 152 Ind. App. 353, 283 N.E.2d 563; *Hiatt* v. *Yergin* (1972), 152 Ind. App. 497, 284 N.E.2d 834.

ISSUE TWO.

CONCLUSION—It is our opinion that the alimony award to Darlene of $20,000 payable in monthly installments over ten years did not constitute an abuse of discretion.

The net effect of the trial court's judgment was to leave the parties as it found them and award Darlene $20,000 alimony. Their positions may be summarized this way:[2]

### DOYLE

| Property | Value stated by Court in Special Findings | [Value shown by evidence] |
|---|---|---|
| Certificate of Deposit | Undetermined | [$500.00] |
| Annuity Funds | $6,000.00 | |
| Auto | 250.00 | |
| Share of Partnership Assets (Airplane and checking account) | 3,000.00 | |
| Camera | Undetermined | [ 300.00] |
| Professional library | Undetermined | |
| Household Furnishings | Undetermined | |
| TOTAL | Approximately | $10,000.00 |

### DARLENE

| | | |
|---|---|---|
| Auto | $250.00 | |
| Checking account | Undetermined | [$ 80.00] |
| Restricted stock | Undetermined | [ 2,500.00] |
| Household Furnishings | Undetermined | |
| TOTAL | Approximately | $3,000.00 |

Probably in recognition of Darlene's financial contributions to the family which apparently was a factor in Doyle's ad-

---

2. The trial court made no disposition of the Weiss home, which was held by the entireties. Equity in the home was about $10,000.

vanced and extensive education and ability to earn a good income, the trial court awarded Darlene $20,000. He was then earning $23,000 per year plus a variable amount derived from the partnership, which amount had in the past been as much as $14,000 per year.

The court's action had a sound legal basis. In *Bahre* v. *Bahre* (1962), 133 Ind. App. 567, 571, 181 N.E.2d 639, 641, the court catalogued some of the factors to be considered in determining the amount of alimony:

"'* * * (1) the existing property rights of the parties, [citations omitted] ; (2) the amount of property owned and held by the husband and the source from which it came, [citations omitted] ; (3) *the financial condition and income of the parties and the ability of the husband to earn money*, [citations omitted] ; (4) *whether or not the wife by her industry and economy has contributed to the accumulation of the husband's property*, [citation omitted] ; (5) the separate estate of the wife, [citation omitted]." (Emphasis supplied.)

Doyle's complaint is that Darlene's stock was worth much more than its cost of $2,500. There was some conflict in the evidence on this point, so Doyle merely invites us to weigh the evidence—a futile endeavor.

To prevail in this appeal, Doyle must demonstrate abuse of discretion by the trial court in the alimony award:

"The trial court had the parties and witnesses before it and it was the trial court's duty to weigh the evidence. We cannot and will not attempt to do so. The exercise of the trial court's discretion is not reviewable on appeal. It is only the abuse of the power of discretion which is reviewable on appeal and the presumption in favor of the correct action of the trial court is one of the strongest presumptions applicable to the consideration of a case on appeal." *Plese* v. *Plese* (1970), 146 Ind. App. 545, 554, 257 N.E.2d 318, 323.

To be an abuse of discretion, the judgment complained of must be one which is "clearly against the logic and effect of the facts and circumstances before the court." *McFarlan* v. *Fowler Bank City Trust Co.* (1938), 214 Ind. 10, 14, 12 N.E.2d

752, 754. *See also: Shaw* v. *Shaw* (1973), 159 Ind. App. 33, 304 N.E.2d 536.

There was logic and reason supporting the court's action awarding $20,000 in alimony to Darlene in view of all the circumstances of this case.

Justification for the court's action is supportable in these precedents: *Jackman* v. *Jackman* (1973), 156 Ind. App. 27, 294 N.E.2d 620; *Von Pein* v. *Von Pein* (1964), 136 Ind. App. 283, 200 N.E.2d 230.

The circumstances of this case should be distinguished from *Hardiman* v. *Hardiman* (1972), 152 Ind. App. 675, 284 N.E.2d 820, in that there was sufficient evidence of value of the property of Doyle and Darlene to support a disproportionate division of the property and income of the parties.

The judgment of the trial court is therefore affirmed.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 306 N.E.2d 120.