IDA LAMB, IVA N. KINSLEY, JERRETTA SCHMIDT, BERTHA DEWEESE, JASON E. YOUNG, MAVER LANG BY J. P. MAIER GUARDIAN, PEARL WALKER *v.* GARY D. CONDER AND DIANA CONDER, FIRST NATIONAL BANK OF BLOOMINGTON, AS ADMINISTRATOR OF THE ESTATE OF ALFRED YOUNG, JOHNSON YOUNG.

[No. 1-1274A186A. Filed October 22, 1975. Rehearing denied November 25, 1975. Transfer denied June 2, 1976.]

*David S. McCrea, Edward F. McCrea, McCrea and McCrea,* of Bloomington, for appellants.

*James R. Cotner, Ronald L. Chapman,* of Bloomington, *Sylvan W. Tackitt* of Bloomington, *Johnson A. Young, pro se,* of Indianapolis, for appellees.

ROBERTSON, C.J. — The plaintiffs-appellants (Sisters) brought an action to set aside the deed by which their elderly brother, Alfred Young, conveyed his farm to the defendants-appellees (Conder), the present owners, alleging incompetency of the grantor, undue influence and gross inadequacy of consideration. The trial court entered judgment in favor of Conder and the Sisters bring this appeal contending that the trial court erred in not making special findings of fact and that the judgment is contrary to law.

We affirm.

This case arose from a conveyance of farm property. On September 15, 1972, Alfred Young, at the age of eighty-two, executed and delivered a warranty deed to Conder conveying title to approximately sixty-two acres of farm land, a dwelling house, barn and other buildings. On the same date, Conder reconveyed to Alfred Young a life estate granting him the right to reside in the house on the property and collect rents therefrom. It was further provided that Conder was to pay the real estate taxes and maintain comprehensive insurance coverage in an amount equal to the fair market value of the property. The purchase price was $20,000.00.

The Sisters first contend that the trial court erred in not making special findings of fact. The basis for this contention is a statement made by the judge in open court and of record at the conclusion of final arguments:

"Neither one of you has asked me to make a finding of facts, but the nature of the case is such that I feel an obligation to do so before I render a decree."

The Sisters assert that the court was referring to special findings of fact as provided for by Ind. Rules of Procedure, Trial Rule 52. The pertinent portion of the trial rule is TR. 52(A) which reads as follows:

"Upon its own motion, or the written request of any party filed with the court prior to the admission of evidence, the

court . . . shall find the facts specially and state its conclusions thereon."

The Sisters concede that they did not request special findings of fact and, thus, were not entitled to them upon that basis. However, they argue that the statement of the trial court, as quoted above from the record, constituted a motion by the court to make special findings of fact and bound the court to do so on the basis of the language in TR. 52(A) which reads, "Upon its own motion . . . the court . . . *shall* find the facts specially." It is argued that while the trial judge is under no duty to make special findings, once he announces to the parties that he will make findings the rule mandates that findings be made.

We are of the opinion that the Sisters' reading of TR. 52 (A) is in error. Other than specific classes of cases not applicable here,[1] special findings are not required unless the parties request them in writing prior to the admission of evidence. *Weiss* v. *Weiss* (1974), 159 Ind. App. 231, 306 N.E.2d 120.

The portion of the rule upon which the Sisters rely does not mandate the trial court to make special findings of fact but merely authorizes the trial court to volunteer special findings even if the parties do not timely request them. *See: Hunter* v. *Milhous* (1974), 159 Ind. App. 105, 305 N.E.2d 448.

TR. 52(D) provides that the court may make special findings of fact upon less than all the issues when special findings are made but are not required. The rule further states that such findings are recognized only as to those issues covered thereby and that the judgment or general finding controls as to all other issues not covered in the findings actually made.

1. "The court shall make special findings of fact without request
(1) In granting or refusing preliminary injunctions;
(2) In any review of actions by an administrative agency; and
(3) In any other case provided by these rules or by statute."

Moreover, we are unable to perceive how the Sisters were prejudiced by the court's failure to make special findings of fact upon all of the issues in this case. If they felt that special findings of fact were necessary, the Sisters should have made a written request prior to the introduction of evidence. Had they done so, the trial court would have been obliged to make special findings of fact upon all issues of the case. Failing to do so, they cannot be heard to complain upon appeal that complete findings were not made.

Finally, it appears that the findings actually made by the trial court were sufficient to apprise the parties of the basis upon which judgment was entered.

The trial court did not err in making its findings.

The Sisters secondly contend that the judgment is contrary to law for the reason that the evidence is undisputed that Alfred Young was incompetent to execute the deed to his property on September 15, 1972.

The trial court found:

"That on September 15, 1972, Alfred Young had sufficient mind and memory to comprehend the nature and extent of his acts, to understand the nature of the business in which he was engaged, and to exercise his own will in reference to the management and disposition of his property."

The Sisters agree that this is a proper statement of Indiana law on the degree of mental capacity required to execute a deed,[2] but they argue that the evidence presented in this case leads only to the conclusion that Alfred Young was incompetent and, therefore, the decision of the trial court was contrary to law.

The trial of this case extended over three days during which the trial court heard testimony from twenty-eight witnesses.

2. *Buuck* v. *Kruckeberg* (1950), 121 Ind. App. 262, 95 N.E.2d 304; *Keplinger* v. *Ward* (1946), 116 Ind. App. 517, 65 N.E.2d 644; *Deckard* v. *Kleindorfer* (1940), 108 Ind. App. 485, 29 N.E.2d 997.

In arguing that the judgment is contrary to law, the Sisters have directed us to large portions of the testimony, including a significant volume of medical experts testimony, which would have tended to support a judgment in their favor. However, in reviewing a contention that the judgment is contrary to law, we do not determine whether the evidence *could* have supported a verdict in favor of the party with the burden of proof. In reviewing the contention that a judgment is contrary to law, we are not at liberty to reweigh the evidence or judge the credibility of witnesses. The standard of review which limits our consideration of this issue is well-established. It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law. *Pokraka* v. *Lummus Co.* (1951), 230 Ind. 523, 104 N.E.2d 669.

That is, it must affirmatively appear that reasonable men could not have arrived at the same judgment reached by the trial court. *Senst* v. *Bradley* (1971), 150 Ind. App. 113, 275 N.E.2d 573. In this context, this court will consider only the evidence most favorable to the appellees.

Several witnesses at the trial testified that Alfred Young "had a mind of his own" and was very difficult to influence. Witnesses stated that he had an accurate memory for names, dates, and the condition of his property.

As to the terms of sale, witnesses testified that Alfred was very definite as to what he wanted from the transaction and expected from the other parties. Concerning his reasons for selling the farm, the evidence showed that Alfred felt a great attachment to his farm and desired that farming operations continue on the land after his death. While testimony offered to establish the value of the property at the time of sale was

conflicting, it was generally established that the value of the land for residential development greatly exceeded its value for farming operations. However, witnesses testified that Alfred wanted to sell his farm to Conder who he knew would continue farming the land rather than allow it to pass to his Sisters through his will. Since none of the Sisters were engaged in farming, Alfred feared they would use the land for residential development.

After the sale had been completed, Alfred knew he had deeded the property and was generally aware of the terms of sale.

This evidence was sufficient to allow the reasonable conclusion that Alfred Young was legally competent to convey his property. The judgment is not contrary to law.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 335 N.E.2d 625.