Charles Rowland GREINER,
Defendant-Appellant,

v.

Thelma Mae GREINER,
Plaintiff-Appellee,

Nona L. Noel, Pro-se, Appellee.

No. 3–675A130.

Court of Appeals of Indiana,
Third District.

Jan. 16, 1979.
Dissenting Opinion Jan. 18, 1979.

Rehearing Denied March 1, 1979.

Orval W. Anderson, Gary, for defendant-appellant.

Rudolph Tanasijevich, Hammond, for plaintiff-appellee.

HOFFMAN, Judge.

This is an appeal from a judgment allowing attorney fees pursuant to a decree of divorce in which a property settlement was agreed to by the parties. The issue raised concerns an alleged abuse of discretion by the trial court in fixing the amount of those fees.

The record reveals the following evidence most favorable to the trial court decision. In August 1973, Thelma Mae Greiner entered into an attorney-client relationship with Nona L. Noel for the purpose of seeking counsel with regard to difficulties arising out of her marriage to Charles Rowland Greiner. The fee to be paid for Mrs. Noel's services was to be based on "the number of hours . . . spent and how difficult the work was and how hard it was to put it together." At Mrs. Greiner's direction, a complaint was filed for separation from bed and board on August 31, 1973, pursuant to IC 1971, 31–1–22–1 (Burns Code Ed.).[1]

Thereafter, Noel began discovery proceedings to ascertain the joint marital assets which would be pertinent to the determination of a property settlement. Among other things, Noel had Mrs. Greiner list the types of business with which her husband was involved. From this and other factors Noel formed an opinion about the Greiners' net worth which she concluded to be about $350,000 greater than those assets listed by the husband through his counsel. Unable to obtain a sworn statement of what, in fact, were the husband's assets, Noel scheduled him to be deposed and subpoenaed certain related documents for use at that deposition. In response an opposing motion for a protective order was filed upon which the trial court heard evidence and eventually ordered additional discovery. Since this discovery order had not been totally complied with, Noel pursued other sources of information, particularly with regard to purchases made by Mr. Greiner of real estate at allegedly less than fair market value from his wife's father. Meetings were scheduled with accountants and financial statements were prepared. However, the disparity between the alleged assets of the husband was not resolved to the satisfaction of Noel. Accordingly, she was precluded from arranging a satisfactory property set-

---

1. IC 1971, 31–1–22–1 (Burns Code Ed.) was repealed by Acts 1973, P.L. 297, § 4, p. 1598 effective September 1, 1973.

tlement between the parties. Subsequently, Mr. Greiner convinced his wife to agree to a settlement drawn up by another attorney not of record. That property settlement apparently based on the husband's allegations of his assets became the one eventually incorporated into the divorce decree entered between the parties and included an agreement that the question of attorney fees for each side would be determined by the trial judge and paid by the husband.

On January 17, 1975, Noel petitioned the trial court for an allowance of attorney fees in the amount of $25,000 based largely upon the effort spent in attempting to discover the husband's assets. The trial court heard evidence concerning the propriety of the requested fee and found $12,400 less a certain credit to be owing for services by Noel to Mrs. Greiner. Thus judgment was entered for the wife on her amended complaint for absolute divorce with the separate property settlement made part of the decree while the husband was ordered to pay the wife's attorney fees as assessed. From that order to pay fees Mrs. Greiner perfected this appeal.

Appellant as a preliminary matter contends that the trial court erred in refusing to make findings of fact with regard to its assessment of attorney fees. Relying on Ind.Rules of Procedure, Trial Rule 52(A), the husband argues that upon his request there should have been a finding of facts specially so that it could be determined on what grounds the trial court ruled.

■ However, the alleged abuse of discretion by the trial court in determining the amount of attorney fees focuses on the weight of evidence and the credibility to be accorded each witness. The narrowness of the issue presented in this context precludes a meaningful basis upon which special findings could have been entered in lieu of the general statement of reasons given by the trial court in its final order. Furthermore, special findings are not required except in

the specific class of cases set forth in Trial Rule 52(A), *supra*, or unless the parties requested them in writing prior to the admission of evidence. *Lamb v. Conder* (1975), Ind.App., 335 N.E.2d 625. Under such circumstances, the court was not required to make special findings of fact. *Weiss v. Weiss* (1974), 159 Ind.App. 231, 306 N.E.2d 120.[2]

■ In substance then the question becomes whether the fees ordered under the circumstances were so excessive as to be unsupported by the evidence and therefore erroneous as a matter of law. In evaluating such a contention this Court is strictly circumscribed to a determination of whether there is any evidence of probative value in support of the result reached by the trial court, since it is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be set aside as contrary to law. *Pokraka v. Lummus Co.* (1952), 230 Ind. 523, 104 N.E.2d 669. Otherwise the often repeated protection accorded the fact finder, that this Court will not weigh evidence on appeal, would become a wavering standard susceptible to abuse and outside the bounds of due process.

■ In this context it has been held that a trial court's judgment awarding attorney fees in a dissolution action can be reversed on appeal only where a clear abuse of discretion has been demonstrated. *Geberin v. Geberin* (1977), Ind.App., 360 N.E.2d 41. Moreover, the fact that the same circumstances might justify a different outcome does not permit the substitution of this Court's judgment for that of the trial court. *Tomlinson v. Tomlinson* (1976), Ind. App., 352 N.E.2d 785. Abuse of discretion only occurs when the trial judge made an erroneous conclusion in judgment, a conclusion against logic and effect of facts and circumstances before the court, or the reasonable, probable, and actual deductions to

2. Any question raised by the converse situation involving a written request is specifically left undecided. *See, Smith v. Smith et al.* (1953),

124 Ind.App. 343, 115 N.E.2d 217. *See also, Wolverton v. Wolverton* (1904), 163 Ind. 26, 71 N.E. 123.

be drawn therefrom. *Burkhart v. Burkhart* (1976), Ind.App., 349 N.E.2d 707; *See, Geberin v. Geberin, supra.*

In the case at bar the trial court conducted a full hearing concerning the proper amount of fees to be ordered. Significantly, the evidence heard in addition to that of attorney Noel was conflicting. Several attorneys were called to testify as experts. One called on behalf of Noel testified that based on his experience in Hammond, Indiana, a percentage of the value of the property settlement could be considered as a factor in setting a fee to be charged for a divorce. He stated that this was particularly true where much of the legal work involved ascertaining the amount of property actually owned by the parties despite stiff resistance by the husband. Further, upon consideration of 91 hours of recorded work, in addition to several days in court, and obtaining the outside services of an accountant, a fee of $25,000 would be appropriate.

An attorney from Rensselaer, Indiana, while not having a present practice in Lake County, Indiana, and while qualifying himself as knowing "something about hourly rates" stated generally that $5,000 would be a reasonable fee to charge based upon $40 per hour. He further remarked that such a figure presumed that the final settlement was "actually arranged by the parties themselves" and "almost a split."

Another attorney from Hammond, Indiana, stated that $4,800 was an appropriate fee *for the husband to pay* based upon an hourly rate, that certain work for a wife in a divorce case should more properly be chargeable to her and that the husband should only be "chargeable with the basic underlying fee and not with any percentage of recovery in the case." In addition, however, he stated, "It is certainly . . . proper for a lawyer to charge a woman in a divorce additional fees over and above what she expects the husband to contribute."

Further, "results are . . . important and a lawyer is entitled to be paid by his client an additional bonus . . . out of and from funds that are created solely through the knowledge, ability and diligence of counsel."

The Hammond Bar fee schedule was admitted over appellant's objection as evidence of a reasonable fee. The schedule would prescribe an additional fee over a certain flat rate of "15% of net value of property recovered, gained or retained" which under the circumstances herein would be $20,650. The husband designates this admission of evidence as error on appeal relying on *Goldfarb v. Virginia State Bar* (1975), 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572. However, in the context of the case at bar the Hammond fee schedule could be considered some evidence of what a reasonable fee should be.[3] Casting aspersions on its presumed function in the context of *Goldfarb* cannot preclude its admission as relevant evidence bearing on the dispute before the trial court. Moreover, any consideration accorded such evidence goes to its weight and not its admissibility.

Thus with the testimony of three expert witnesses in addition to Mrs. Greiner and her attorney and with the evidence of the Hammond Bar fee schedule, the trial court made the following conclusions relative to the award of fees:

"... [A]s to the issue. remaining of, the question of awarding attorneys fees, the Court reviews the evidence presented today and according to the evidence only the assets show, of the defendant . . . Three Hundred and Twenty Thousand to Two Hundred and Seventy Thousand . . . .. There's also evidence to show that the approximate value of the property settlement agreement of the wife is $135,000. It's also clear that there were complicated financial dealings and the assets of the defendant are not any straightforward holdings. It appears

---

**3.** The court in *Goldfarb* noted at 780 of 421 U.S. and at 2010 of 95 S.Ct.:

"A purely advisory fee schedule issued to provide guidelines, or an exchange of price information without a showing of an actual restraint on trade, would present us with a different question."

to the Court there's some lack of forthrightness as to the defendant in regard to discovery. Now there's no question that this matter cannot be approached as a simple non-contested divorce; it's been pending for some time and there have been contested issues of discovery, and certainly the issue of attorneys fees is strongly contested by both parties. However, the primary reason we have the situation is that a third attorney not retained, or not of record in this case, prepared a property settlement agreement.

\*     \*     \*     \*     \*     \*

"There's some indication in final argument that perhaps the parties were dissatisfied with the attorneys in this case, and if the parties were dissatisfied with counsel it appears to the Court that the best course would have been to discharge the counsel of record then no issue of anything beyond hourly rate could have been considered in granting reasonable compensation for any services already performed. However, the parties chose to agree and proceed with the counsel of record. Without the agreement, which plaintiff's counsel has testified she recommended against, the plaintiff may have received more by way of a property settlement agreement than a Hundred and Thirty-five Thousand or she may have received less than a Hundred and Thirty-five Thousand if this case had been litigated on that issue. Apparently the only work left to be completed was the final hearing and the financial information and counseling given the plaintiff by her counsel, and I cannot help but believe assisted in the property settlement agreement as well as any counsel that the defendant's attorney may have given him, although  .  .  .  these counsel were not the ones that participated in the property settlement agreement. And when a matter is contested and work is done by counsel over a period of time and the matter is suddenly [sic] agreed rea-

sonable attorneys fees cannot be avoided merely by a settlement. Whatever is determined to be a reasonable fee under the law which controls this case, that is Burns 3–1216, the entire amount of such fee is due from the husband.

\*     \*     \*     \*     \*     \*

"Some federal decisions notwithstanding bar schedules are of particular assistance to the Court in those matters where the Court must set a fee, and of course this is not only in domestic relations matters but in estates and even in pauper counsel fees  .  .  .  [T]hey represent a reasonable, what a reasonable fee may be. However, they should be viewed in light of each particular case and the Court has done so in this case. And on the basis of the facts as the Court finds them to be and as presented in evidence, the Court finds a reasonable attorney fee to be Twelve Thousand Four Hundred Dollars which is hereby assessed against the defendant to be reduced by the sum of Four Hundred Dollars previously paid.  .  .  ."

It is clear from the foregoing that the trial court was concerned with the contested issues involving discovery and with the true value of the appellant's assets. Accordingly, in fixing an appropriate fee the trial court did not view the divorce as "simple" and "non-contested," but rather as involving "complicated financial dealings." Furthermore, despite the final form of the property agreement the trial court deemed the wife's retained counsel as having contributed to her overall bargaining position and as having assisted in the ultimate result and final decree reached by Mrs. Greiner. The trial court, in addition, resolved the conflicting advice of the second Hammond attorney by applying the statutory requirement that the husband be responsible for all of the wife's attorney fees including appropriate counseling to the wife's needs notwithstanding a separate settlement agreement.[4]

**4.** IC 1971, 31–1–12–11 (Burns Code Ed.) states in pertinent part:

".  .  .  And, on decreeing a divorce in favor of the wife or refusing one on the applica-

Nevertheless, appellant places great emphasis on the arbitrariness of the minimum bar fee schedule and attempts to focus on the trial court's improper use thereof. Clearly, however, the evidence does not solely support this conclusion.[5] Instead, the trial court merely commented that these schedules represent what a reasonable fee might be and that they should only be viewed in light of the facts of each particular case.

Furthermore, the bar fee schedule is not the sole reference from which the amount of the property settlement could be relevant as a determinant of fees. The size of the settlement and the total assets available to the parties may relate directly to the difficulty of the legal work involved. More specifically, evidence of difficulty in discovering numerous holdings by Mr. Greiner in various land development projects was evidence from which the trial court could draw a reasonable conclusion that a fee of about half the percentage rate was appropriate.[6]

■ As this district stated in *Geberin v. Geberin* (1977), Ind.App., 360 N.E.2d 41, a factor available to a determination of a proper fee derives from the trial judge's personal knowledge of the practice of law and appropriate compensation therefor in the action before him.

"The trial court may take judicial notice of what a reasonable attorney's fee would be, even absent any evidence in the record. *Cox v. Cox* (1975), Ind.App., 322 N.E.2d 395; *Hibbard v. Hibbard* (1974), Ind.App., 315 N.E.2d 731. Facing a situation in which attorney fees for appeal

were awarded, the Second District, Indiana Court of Appeals, noted: 'The trial court was familiar with the action, the amount of work which would be required on appeal, and the parties' financial situations.' *Wireman v. Wireman* (1976), Ind. App., 343 N.E.2d 292, 298." (Ind.App., 360 N.E.2d 47.)

■ In the case at bar there was conflicting evidence of fees ranging from $25,-000 to $4,800 for the work performed. The trial court assessed an attorney fee of $12,-400. The presumption in favor of this disposition as correct is one of the strongest presumptions applicable to the consideration of a case on appeal. *Shula v. Shula* (1956), 235 Ind. 210, 132 N.E.2d 612. No reason has been given why this presumption is not applicable here nor why this Court should substitute its evaluation of the evidence for that of the trial court.

Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

LOWDERMILK, J., participating by designation, concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent from the majority opinion, since the trial court abused its discretion by awarding Noel an excessive attorney fee. The trial court abused its discretion by treating the dissolution as a contested matter and by relying solely on the Hammond Bar Association Fee Schedule to arrive at Noel's attorney fee as a reasonable attorney fee.

---

tion of the husband, the court shall, by order to be enforced by attachment, require the husband to pay all reasonable expenses of the wife in the prosecution or defense of the petition including a reasonable sum for the services of the attorney representing such wife which sum for attorney fee shall be payable direct to said attorney and the order for same shall be in the name of said attorney, when such divorce has been granted or refused . . . .."
It has since been repealed by Acts 1973, P.L. 297, § 3, which provides:
"That no such repeal shall apply to any action for divorce pending without a final decree on the effective date of this act, but upon the

first entry of a final decree for divorce thereon by the trial court, such repeals shall thereafter apply to such pending action."

5. Moreover, it should be noted that if the schedule is admissible evidence of a reasonable fee then a fortiori, it serves as a legitimate basis upon which the trial court can render its decision.

6. *Barelli v. Levin* (1969), 144 Ind.App. 576, 247 N.E.2d 847 is of no application when as here no contingency fee was arranged and the fee actually awarded was unrelated to the percentage rate claimed of the property.

The record clearly shows that the property settlement agreement was agreed upon between the parties. The dissolution of the marriage was not contested by either the husband or the wife. Therefore, there is no justification for the trial court to conclude: "Now there's no question that this matter cannot be approached as a simple non-contested divorce;" The contested position taken by the trial court to determine a reasonable attorney fee is based solely on pre-trial discovery procedures and the fact that a third attorney who is not of record prepared the agreed property settlement. A dispute created by the wife's attorney over the amount of attorney fees due her can not under any circumstances constitute a contested dissolution. If this were true, the attorneys and not the parties to the dissolution would decide whether a dissolution was contested or uncontested. The attorneys would be able to increase the amount of their fee by merely creating a dispute on the amount of their fee which was never intended by any bar fee schedule or any code of professional responsibility. When the trial court was determining the issue of attorney fees to be awarded Noel, it abused its discretion by treating the Greiner dissolution as a contested matter.

In its reliance upon the Hammond Bar Association Fee Schedule and in making the award of attorney fees, the trial court stated:

"There's also evidence to show that the approximate value of the property settlement agreement of the wife is $135,-000.00 . . . . [C]ertainly the issue of attorneys fees is strongly contested by both parties. However, the primary reason we have the situation is that a third attorney not retained, or not of record in this case, prepared a property settlement agreement. And while the fact is to be commended that these parties were able to reach an agreement as to a division of property, the fact is that the agreement did not provide or make any reference, and of course could not make any reference, to the amount of attorneys fees to be paid. . . . [I]f the parties were dissatisfied with counsel it appears to the Court that the best course would have been to discharge the counsel of record then no issue of anything beyond hourly rate could have been considered in granting reasonable compensation for any services already performed. . . . Some federal decisions notwithstanding bar schedules are of particular assistance to the Court in those matters where the Court must set a fee, and of course this is not only in domestic relations matters but in estates and even in pauper counsel fees. As Mr. Enslen has stated these schedules are not absolute, but on the whole they represent a reasonable, what a reasonable fee may be. However, they should be viewed in light of each particular case and the Court has done so in this case. And on the basis of the facts as the Court finds them to be and as presented in evidence, the Court finds a reasonable attorney fee to be Twelve Thousand Four Hundred Dollars which is hereby assessed against the defendant to be reduced by the sum of Four Hundred Dollars previously paid . . . ."

These remarks by the trial court clearly indicate that: (1) the trial court considered the amount of the property settlement; (2) the trial court was disturbed that a third attorney not of record had drawn up the property settlement agreement for the parties; (3) the trial court felt that *had* Noel been discharged prior to trial only hours and hourly rates would have been pertinent to an assessment of reasonable attorney fees; and (4) the trial court believed that bar schedules, "notwithstanding" federal decisions, "represent . . . what a reasonable fee may be . . . ."

The trial court did rely solely on the Hammond Bar Fee Schedule to determine what would be a reasonable attorney fee for Noel since: (1) except with reference to the fee schedule, the amount of the property settlement is irrelevant; (2) the $400.00 odd figure is directly reflected in the flat divorce fee in the fee schedule; and (3) only with reference to a percentage basis could a $12,400.00 attorney fee be justified under

the evidence in the record.[1] Even though the $12,400.00 attorney fee awarded to Noel was considerably less than the $25,000.00 that she requested, it greatly exceeds the $4,000.00 or $5,000.00 attorney fee which was supported by the evidence. The trial judge may have "compromised" somewhat from the Hammond Bar Fee Schedule, but it is clear that he solely relied on the schedule for the concept of reasonableness. This was reversible error.

"Even assuming the schedules are not illegal per se, there still remains substantial dissent among members of the bar as to the question of reasonableness. Opponents of fee schedules argue that they are most often used *when there is no reasonable justification for a large fee.* . . . [T]hey are not based on time as they purport to be." (Emphasis added.) *The Antitrust Division v. The Professionals* — "No Bidding" Clauses and Fee Schedules, 48 Notre Dame Law. 966, 972 (1973).

There was no reasonable justification for such an excessive attorney fee in this uncontested dissolution. The reliance by the trial court upon the Hammond Bar Association Fee Schedule was an abuse of discretion and resulted in an excessive attorney fee.[2]

The evidence in the record clearly shows that Noel did not prepare a property settlement for consideration of the wife, her client; furthermore, Noel advised the wife not to agree to accept the property settlement that she and her husband had worked out together. Thus, Noel refused to accept any professional responsibility for the agreed property settlement of $135,000.00 to the wife. The dissolution of the marriage was not contested by either the husband or the wife.

The only evidence which would tend to justify Noel's demand for a $25,000.00 attorney fee is the Hammond Bar Association Fee Schedule. Paul Huebner testified that most attorneys followed the recommended bar schedules. Fifteen percent of the property settlement for and on behalf of the wife would be recommended in this case. Fifteen percent of $135,000.00 would equal $20,000.00. He further testified that the attorney fee could be lower or higher when tested by steps of resistance; the attorney's role in representing the woman is higher in degree of skill and care than for an attorney representing the husband. He stated that the fee should be $25,000.00 based on the substantial properties involved and the difficulty in representing the wife.

Noel testified that she had worked 91 hours from the beginning to the end of the uncontested dissolution. This 91 hours did not include time spent in court and depositions. In addition to the 91 hours, she claimed one and one-half days of depositions and hearing, two days in court, and "then last Friday and today . . . [It] does not represent time after last Friday." She further asserted that there would be additional "worry time," but she did not know how much—it would certainly not be another 91 hours. This testimony was her justification for petitioning for an attorney fee of $25,000.00.

---

1. Greiners cite us to *Barelli v. Levin* (1969), 144 Ind.App. 576, 247 N.E.2d 847, in which contingent fees in divorce cases are denounced as against public policy. I would agree with Noel that the fee award was not based upon a contingent fee *agreement* between she and Thelma Greiner. But, I do note that the size of the fee requested by Noel was directly related to the size of the marital estate. The trial court's award related to the size of the property settlement. Considering assets, without an accompanying showing of legal services provided, is also against public policy because the attorney fee should not be contingent upon the amount of the property settlement. *Barelli v. Levin, supra.*

2. *Goldfarb* does not imply that the legal profession may not regulate its own internal affairs. But, implicit within the *Goldfarb* holding is the proposition that attorneys have special obligations to the public which go beyond what may be the standard of conduct of ordinary businessmen. *See* 25 Drake L.Rev. at 772 (1976). The *Goldfarb* decision was based on the Sherman Act. Indiana has enacted a parallel statute which would govern intrastate commerce. Thus, I believe that the *Goldfarb* holding would apply to this case. *See* IC 1971, 24–1–2–1, § 23–116 (Burns Code Ed.).

Thomas Dumas, a Lake County attorney, testified that by taking 100 hours plus six and one-half days of court time (21 hours) times $40.00 an hour equals $4,840.00. He further testified that the fee should be $5,000.00 and commented that this was not "a bad fee" for a wife's attorney "in a divorce of this size."

Lowell Enslen, an expert witness from the Hammond Bar, testified that a "(l)awyer's fees . . . are based upon many criterions, . . . novelty or uniqueness, . . . results, . . . ability of lawyer, . . ." and loss of other employment. This being an uncontested case, except for litigation of attorney fee, the fee chargeable to the husband should be $4,000.00 to $5,000.00, closer to $5,000.00. He further testified that results are important. In this regard, he stated that where the husband and wife have gone to a third attorney without knowledge of either counsel, the number of hours spent by the attorneys for the husband and wife would be diminished.

The Hammond Bar Association Schedule of Minimum Fees was admitted into evidence over the husband's objection. It showed that $35.00 per hour was recommended as a minimum hourly fee in 1971. It further showed that a divorce should be charged at $400.00 plus a per diem after one-half day in court and that fifteen percent of the net value of the property settlement could be added to the $400.00 to constitute a reasonable attorney fee.

The evidence only supports a fee of between $4,000.00 and $5,000.00 which is based upon Noel's hours. This does not mean that an hourly fee arrangement is the only acceptable method of determining a reasonable attorney fee. What it does mean is that absent a clear understanding, any amount beyond such concrete indices as hours must be substantiated by clear evidence of the uniqueness, results, difficulty, and special responsibility required to handle the legal problems involved. There is a void of such evidence in the record before this Court. Therefore, the award to Noel of a $12,400.00 attorney fee was excessive

and an abuse of discretion on the part of the trial court. *Kindel, Admr. v. French* (1921), 190 Ind. 595, 131 N.E. 227. The $12,400.00 attorney fee cannot be rationalized on the premise of judicial notice of reasonableness because the attorney fee is unreasonable according to the evidence in the record. *In Re Lockyear* (1974), 261 Ind. 448, 305 N.E.2d 440.

I would reverse the judgment of the trial court as to the award of attorney fee to Noel with instructions to re-determine, consistent with this opinion, the award of attorney fee to Noel.