**F. Harold VAN ORMAN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 3–580A140.

Court of Appeals of Indiana, Third District.

Feb. 26, 1981.

Jerome B. Van Orman, Fort Wayne, for appellant.

William E. Harris, Torborg, Miller, Moss & Harris, Fort Wayne, for appellee.

STATON, Judge.

The State of Indiana filed an action against F. Harold Van Orman, as president of Van Orman Enterprises, Inc., to recover the unpaid balance of the State Gross Retail and Use Tax [1] owed by the corporation.[2] The court found for the State and against Van Orman. It entered judgment in the amount of $44,186.05 accordingly.

On appeal, Van Orman raises five issues for our consideration:

(1) Did the court err in finding that, as an officer of the corporation, he had a duty to remit the unpaid corporate taxes?

(2) Was it error for the court to conclude that Van Orman owed the unpaid corporate taxes which had accrued prior to April 1, 1967?

(3) Did the court err in concluding that, despite the lack of personal notice of proposed assessment from the Indiana Department of Revenue, he was liable for the unpaid taxes?

(4) Was there error in the court's failure to apply the three-year statute of limitations set forth in IC 1971, 6–2–1–17(a) (now repealed)?

(5) Did the court err in allowing the withdrawal of the State's request for findings of fact and conclusions of law?

We affirm in part and remand for further proceedings.

## I.

### Duty to Remit

On appeal, Van Orman is not disputing the validity of the assessment of the unpaid sales and use tax [3] against Van Orman Enterprises, Inc. He is, however, questioning whether he may be held personally liable for these delinquent taxes upon the corporation's failure to pay them.

IC 1971, 6–2–1–49 (now repealed), in pertinent part, provides:

"(a) The state gross retail tax and the use tax shall be collected by the retail

1. See IC 1971, 6–2–1–37 through IC 1971, 6–2–1–53, repealed by Acts 1980, P.L. 52, § 2, effective March 3, 1980. These sections set forth the procedures to be utilized by the retail merchant who, acting as an agent for the State, was to collect the State gross retail and use tax from the purchaser of property or services. For present law, see IC 1971, 6–2.5–1·1 through IC 1971, 6–2.5–10–4.

2. This action was based on Count II of the State's second amended complaint.

3. Statutory procedure was followed in the determination of the corporate assessment; notice was given and a hearing was held. Van Orman Enterprises was found to be responsible for the non-payment of the use tax during the period of January 1, 1966 through June 30, 1968.

merchant, as agent for the state of Indiana, from the purchaser of property or services furnished in the transaction subject to said taxes as a separate added amount not part of the price of consideration."

\*   \*   \*   \*   \*   \*

"Every retail merchant and in the case of a corporate or partnership retail merchant every officer, employee, or member of such retail merchant who as such officer, employee or member is under a duty to remit such taxes shall be personally liable for such taxes, which shall constitute a trust fund in the hands of the retail merchant and shall be owned by the state. . . ."

In his brief, Van Orman acknowledges that "If the trial court had found F. Harold Van Orman capable of performing corporate activities then his responsibility as an officer owing these taxes would be readily apparent." He contends that he was not "under a duty to remit such taxes" because during the relevant period, he was incapacitated and unable to carry out his responsibilities as president and general manager of Van Orman Enterprises, Inc.

At the trial, evidence was presented in an attempt to establish that, during the relevant period, Van Orman had no control of the management functions of the corporation. He and his wife testified as to the various debilitating aspects of the cerebral hemorrhage and subsequent surgery suffered by him in November of 1966. Mrs. Van Orman explained that during his recovery period, between December of 1966 through June of 1968, she and her husband spent "a good deal" of their time in Florida. The evidence, nonetheless, indicated that, during the relevant time, Van Orman continued as president, general manager and majority shareholder of Van Orman Enterprises, Inc. During this time period, he went "down (to the Hotel Van Orman)[4] maybe once or twice in a couple of months,"

signed "at the most three or four" checks a year[5] and withdrew a sizeable amount of food and beverage from the corporation for his personal use. The day-to-day operations of the hotel were run in his absence by the department heads, who had been hired by him.

■ In essence, Van Orman is asking us to re-weigh the evidence as to whether he was such a "helpless physical and mental invalid" as to be relieved of his legal corporate duty. This we cannot do. We are not at liberty to re-weigh the evidence or to substitute our opinion for that of the finder of fact. *In Re Marriage of Julien* (1979), Ind.App., 397 N.E.2d 651; *Geberin v. Geberin* (1977), Ind.App., 360 N.E.2d 41. Where no findings of fact are made by the court, the general judgment is presumed to be based upon findings which are supported by the evidence. *Ray v. Goldsmith* (1980), Ind. App., 400 N.E.2d 176. We may not weigh conflicting evidence, but may consider only that evidence most favorable to the prevailing party. If there is evidence of probative value to sustain the judgment of the court, the judgment will not be disturbed. *Ray, supra.* Furthermore, when confronted with a general finding in favor of the plaintiff, we must affirm the judgment of the court if it is sustainable upon any legal theory which is supported by the evidence. *Hogan Transfer & Storage Corp. v. Waymire* (1980), Ind.App., 399 N.E.2d 779.

■ In order for the court to have found for the State, it must have concluded that, despite Van Orman's medical problems, the exercise of the authority of his corporate office was a matter within his discretion and subject to his will. He did participate periodically in the life of the corporation and apparently made no attempt to legally shift the responsibilities of his corporate office to others by the naming of an acting president or by the temporary appointment

---

**4.** Van Orman Enterprises, Inc. owned and managed the Hotel Van Orman.

**5.** Van Orman explained that the check signing procedure was ultimately under his control.

He was one of three persons authorized to co-sign the corporate checks. Two signatures were needed in order to validate a check.

of a guardian. As we have neither heard the evidence nor seen the witnesses, we are in no position to second-guess the judgment of the finder of fact. As such, we are constrained to agree with the court's conclusion that Van Orman's medical problems did not relieve him of his legal "duty to remit such taxes," IC 1971, 6 2-1-49 (now repealed). There is sufficient evidence to support such a determination.

## II.

### Accrual of Taxes

Van Orman next contends that he should not be held personally liable for the unpaid corporate taxes which had accrued prior to April 1, 1967. We agree.

IC 1971, 6-2-1-49 (now repealed) requires that "every officer . . . of such retail merchant who as such officer . . . is under a duty to remit such taxes" shall be personally liable for the payment of the sales and use tax. The effective date of this provision was April 1, 1967. Prior to the 1967 Amendment, IC 1971, 6-2-1-49 (now repealed) provided:

> "Every retail merchant shall be personally liable for such taxes, which shall constitute a trust fund in the hands of the retail merchant and shall be owned by the state."

The State contends that, despite the absence of any language assigning personal liability to corporate officers, "It is clear from the statute that the legislature intended to impose personal liability on persons doing business in the corporate form." We cannot agree with this interpretation.

It is a well established rule of statutory construction that those statutes which impose or levy taxes are not to be extended, by implication, beyond the clear import of the language of the statute in order to enlarge their operation. The are, instead, to be construed more strictly against the State and in favor of the taxpayer. *Gross Income Tax Division v. Surface Combustion Corp.* (1953), 232 Ind. 100, 111 N.E.2d 50; *Economy Oil Corp. v. Indiana Dept. of State Revenue* (1974), 162 Ind.

App. 658, 321 N.E.2d 215, 218. When interpreting a statute, this Court must ascertain the legislative intent by looking at the whole of the act. We must examine the law existing before, the changes made and the apparent intent for making the changes. *Ind. Dept. of State Rev. v. Estate of Wallace* (1980), Ind.App., 408 N.E.2d 150, 154.

It is just as important, in construing a statute, to recognize what a statute does not say as it is to recognize what it does say. *State, Etc. v. Ripley County Council* (1979), Ind.App., 395 N.E.2d 867, 870. When a statute is amended by the addition of a provision, "[A] presumption is raised that the Legislature intended to change the law unless it clearly appears an amendment was made only to express more clearly the original intention of the Legislature." *Ind. Dept. of St. Rev., Etc. v. Cable Brazil, Inc.* (1978), Ind.App., 380 N.E.2d 555, at 559 560; *Ind. Dept. of State Rev. v. Estate of Wallace, supra; Economy Oil Corp., supra.*

Finding no clear expression to the contrary, we are persuaded that the 1967 Amendment of IC 1971, 6-2-1-49 (now repealed) was truly a change in the law. By so specifically changing the statute, the legislature extended personal liability to selected officers, employees and members of a corporate or partnership retail merchant. Prior to the effective date of this amendment, however, there was no personal liability on the part of such officers. We will apply those statutes in effect at the time of the transactions in dispute. *Ind. Dept. of State Rev. v. Mercantile Mortgage Co.* (1980), Ind.App., 412 N.E.2d 1252. We conclude that Van Orman is not personally liable for any use tax prior to April 1, 1967.

## III.

### Lack of Notice

Van Orman complains that no notice of the proposed assessment was ever

given to him by the State; later, after the assessment had been determined, he further complains that he did not receive any demand for payment. He contends that the State should have given notice of the assessment and made a demand for payment prior to filing this action against him. We disagree.

A notice of the assessment against Van Orman Enterprises, Inc. was sent to the corporation, in care of Jerome Van Orman, the defendant's personal and corporate attorney. The corporation filed a timely protest. A hearing, in which Van Orman fully participated, was held on July 16, 1969. The protest was denied and a notice and demand for payment of tax was issued to the corporation on November 7, 1969. The corporation failed to pay the tax and judgment was entered against it on January 20, 1970. In an effort to recover the unpaid balance of the sales and use tax then owing, this action was filed against Van Orman on December 15, 1976.

Although IC 1971, 6–2–1 49 (now repealed) is silent as to the provision of personal notice of the assessment and a demand for payment, it would not be unreasonable to conclude Van Orman, as president and general manager of Van Orman Enterprises, Inc., was obviously aware that the corporation had failed to pay the sales and use tax during the period in question. He not only signed the protest to the State's assessment, but he participated in the hearing on the assessment. To say that Van Orman was unaware of the corporation's failure to pay the tax or to contend that he was unaware of his personal liability, in the face of IC 1971, 6–2–1–49 (now repealed), is ludicrous. All persons are charged with the knowledge of the rights and remedies prescribed by statute. *Middleton Motors, Inc. v. Ind. Dept., Etc.* (1978) Ind., 380 N.E.2d 79, 81. The clear pronouncement of the statute is, *ipso facto,* sufficient notice that a duty exists to remit the tax fund held in trust. No personal notice of the assessment is required.

## IV.

### Statute of Limitations

▆▆▆ Van Orman next asks us to apply IC 1971, 6·2·1·17(a) (now repealed) to the facts-at-bar. This statute establishes a three-year statute of limitations on the issuance to the taxpayer of a notice of proposed assessment. Because, as noted early on, it is unnecessary for an officer of a corporate retail merchant to receive additional personal notice of the proposed assessment, the application of this statute is inappropriate. The pertinent statute is IC 1971, 6·2 1·18 (now repealed); it establishes a ten-year statute of limitations on the enforcement of a judgment.

A judgment against Van Orman Enterprises, Inc., was entered on January 20, 1970. IC 1971, 6·2·1·18 (now repealed), in part, provides:

"The judgments shall remain in full force and effect for a period of ten [10] years from the date of recording unless paid or satisfied prior to the expiration of said ten [10] years and shall bear interest at the rate provided for in section 16 [(IC 1971) 6·2 1·16] of this chapter. . . ."

This action was initiated on December 15, 1976, well within the ten-year statute of limitations. There is no error.

## V.

### Findings of Fact

Finally, Van Orman claims that the court erred in allowing the State's written Request for Findings of Fact and Conclusions of Law to be withdrawn after the presentation of the evidence. The State filed its request on October 4, 1979, only moments before the presentation of evidence began. On December 14, 1979, it filed a Motion to Withdraw Request for Findings. The motion was granted by the court.

▆▆▆▆ We agree that special findings are required once one of the parties has requested them in writing prior to the admission of the evidence. Ind. Rules of Procedure, Trial Rule 52(A); *Greiner v. Greiner* (1979), Ind.App., 384 N.E.2d 1055; *Lamb v. Conder* (1975), 166 Ind.App. 293, 335 N.E.2d

625.[6] Van Orman, however, did not make a timely objection to the State's Motion to Withdraw Request for Findings. Therefore, he has waived this error on appeal. *Chustak v. Northern Indiana Public Service Co.* (1972), 259 Ind. 390, 288 N.E.2d 149; *City of Gary v. Archer* (1973), 157 Ind.App. 477, 300 N.E.2d 687.

Affirmed in part and reversed in part. This cause is remanded for further proceedings consistent with this opinion.

HOFFMAN, P. J., and GARRARD, J., concur.

---

**6.** Special findings are not required except in the specific class of cases set forth in TR. 52(A), or unless one of the parties requests them in writing prior to the admission of evidence. *Greiner, supra.*