**GENERAL PLATING & ENGINEERING INC.**

v.

**SYN INDUSTRIES, et al.**

No. 3-484A96.

Court of Appeals of Indiana, Third District.

Jan. 14, 1985.

William D. Swift, Hayes, Swift & Finlayson, Fort Wayne, for appellant.

Thomas M. Gallmeyer, Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, for appellee.

GARRARD, Judge.

Syn Industries, d/b/a Trident Corporation (Syn) manufactures and distributes metal fasteners, nuts and bolts. In August 1980 it sent hydraulic fasteners worth $14,480.32 to General Plating and Engineering, Inc. (General Plating) to be plated. A fire, apparently caused by an unknown arsonist, occurred at General Plating on August 18, 1980. Syn's fasteners were grouped into three areas of which two sustained fire

damage. One group of fasteners had been plated and was not damaged by the fire.

After Syn's president, Dale Dreher, inspected the burned parts he informed General Plating's president, Mike Miller, that he could not sell them because the fire could have weakened the fasteners making them unreliable. Notwithstanding this information, General Plating subsequently proceeded to clean, oil and plate the burned parts without informing Syn. The burned parts were then commingled with the unburned parts so as to make it impossible to distinguish among them without testing, a procedure which results in destruction of the tested part.

After General Plating did not satisfy Syn's repeated requests for payment of the value of the fasteners, Syn brought this action on February 24, 1982. General Plating filed cross-claims on April 15, 1982 and January 20, 1983 seeking payment for work performed for Syn subsequent to the fire. After a bench trial on June 2, 1983, the trial court found for Syn on its complaint and General Plating's first cross-claim and for General Plating on its additional cross-claim. The court ordered that Syn receive judgment against General Plating in the amount of $14,480.32 and that General Plating recover from Syn in the amount of $502.44 making a net judgment for Syn of $13,977.88. General Plating now appeals.

The issues are:

1) Is the trial court's judgment contrary to law and contrary to the evidence because the defendant overcame the prima facie showing of negligence by showing the loss was caused without its fault?

2) Is the trial court's judgment contrary to law and contrary to the evidence in that the plaintiff failed to prove the damages awarded in the trial court's judgment?

■ Under our standard of review we presume the general judgment of the trial court is based on findings supported by the evidence. *Ray v. Goldsmith* (1980), Ind. App., 400 N.E.2d 176. We will not weigh conflicting evidence but consider only evidence most favorable to the prevailing party. We will affirm the trial court's judgment if there is evidence of probative value that sustains the judgment. In addition, when we review a general finding of the trial court we must affirm if it is sustainable on any legal theory which is supported by the evidence. *Van Orman v. State* (1981), Ind.App., 416 N.E.2d 1301. We will reverse a decision as contrary to the evidence only if the trial court's decision is not supported by any substantial and probative evidence. *Central Transport, Inc. v. Great Dane Trailers, Inc.* (1981), Ind.App., 423 N.E.2d 675.

General Plating maintains that the trial court's judgment is contrary to law and contrary to the evidence because Syn failed to sustain its burden of proof by showing General Plating was at fault or negligent regarding the fire. Specifically, it asserts that (a) Syn failed to show the fasteners were damaged by the fire or, even if it did, (b) it failed to show the fire occurred with General Plating's fault.

■ The general rule is that where a bailment for mutual benefit exists and a bailor shows that goods were received in good condition by the bailee and were not returned undamaged, the bailor has made a prima facie case of negligence against the bailee. In order to overcome this showing, the bailee must produce evidence that tends to show that the damage occurred without his fault. *Spencer v. Glover* (1981), Ind.App., 412 N.E.2d 870.

*(a) Damage to the fasteners*

■ The evidence most favorable to Syn is that approximately two-thirds of the fasteners were involved in the fire. The fasteners consisted of a steel compound which made them capable of withstanding 20,000 pounds per square inch pressure. An expert testifying for Syn stated that after testing fasteners taken from General Plating and similar fasteners not involved in the fire, his opinion was that when fasteners are exposed to heat followed by rapid

cooling, as would occur during a fire which was doused with water, their metal structure can change by getting harder. In addition, he stated that there was no way to determine if the change in structure caused a defect in the part short of putting the part to use, i.e. attaching the fastener and seeing if it withstands 20,000 p.s.i. pressure. Finally, Dreher testified that five out of thirty-five fasteners randomly selected from the commingled fasteners at General Plating did not pass a "go-no go gage test."

As a result, Syn asserts it has sustained damage in that it could not place the burned fasteners into the stream of commerce because a change in metal structure could have weakened the parts making them unreliable and the only test to determine reliability destroys the tested part.

General Plating essentially argues with conflicting expert testimony that the fire did not damage the fasteners' strength[1] and that no evidence exists to prove the fire proximately caused the tested fasteners to fail.

On the issue of whether Syn sustained damage to its fasteners from the fire we find evidence of probative value to sustain the trial court's finding for Syn.

*(b) Damage without fault*

Since Syn showed that General Plating as a bailee had possession of the fasteners and while in their possession approximately two-thirds of the fasteners were damaged, it has made a prima facie showing of negligence. Under the rule for bailments for mutual benefit General Plating then had the burden of proceeding by showing the loss was caused without its fault, i.e. showing it exercised ordinary care and diligence in safeguarding Syn's property. *Spencer, supra.*

General Plating produced evidence that at least two-thirds of Syn's fasteners were involved in and damaged by a fire started by an unknown arsonist. The arsonist cut

the lock on the fence surrounding the building, entered the premises and started the fire by igniting gasoline spread throughout much of the building. Miller testified that the building was locked every night as was the fence which surrounded the building. There was no evidence of any prior break-ins at General Plating.

■ We believe General Plating satisfied its burden of proceeding by showing it exercised ordinary care to prevent the loss of the burned fasteners, and the risk of non-persuasion shifted back to Syn. *Armstrong Cork Co. v. Maar* (1953), 124 Ind. App. 105, 111 N.E.2d 82; *see, e.g., Hearst Magazines, Division of Hearst Corp. v. Cuneo Eastern Press, Inc. of Pa.* (E.D.Pa. 1968), 293 F.Supp. 824. Syn did not dispute the cause of the fire and did not show a lack of ordinary care by General Plating to prevent the loss. Therefore, Syn did not fulfill its burden of proof on this issue and show that the loss of the burned fasteners occurred due to General Plating's fault.

■ Syn correctly notes that on review we must affirm a general finding of the trial court if it is sustainable on any legal theory supported by the evidence. *Van Orman, supra.* Syn maintains that the trial court's finding may be sustained by the legal theory that General Plating was negligent *after* the fire when it cleaned, plated and commingled the burned and unburned fasteners, making it impossible to distinguish among them, thereby making all of them unusable to Syn.

On the issue of General Plating's negligence after the fire, the evidence most favorable to Syn shows that on the morning after the fire, Dreher informed Miller that the burned fasteners were unusable to Syn due to their unreliability after involvement in the fire. Notwithstanding this information, approximately sixty days after the fire and without informing Syn, General Plating cleaned and plated the burned fasteners. In addition, after finishing the

1. General Plating's expert expressed his opinion that the fasteners would be fit to use in a hydraulics situation assuming they were not rusty.

According to Dreher, the "go-no go gage test" showed that a part he tested failed due to rust.

plating process, which made the burned fasteners indistinguishable from the unburned fasteners, General Plating commingled them.

General Plating did not offer evidence to show that plating the burned fasteners after Dreher rejected them or that commingling the plated fasteners were actions taken with ordinary care to prevent the loss. We believe there is sufficient evidence of probative value to find General Plating negligent after the fire.

■ However, while the evidence supports the trial court's finding that General Plating was negligent, the trial court's judgment awarding damages for the loss of *all* the fasteners is not supported by the evidence. As we noted above, the loss of the burned fasteners occurred without General Plating's fault. General Plating's lack of ordinary care in plating and commingling the burned and unburned fasteners caused the loss to Syn of at most approximately one-third of the fasteners, i.e. those not burned by the fire. Syn, while implicitly acknowledging that General Plating was not negligent in permitting the fire to occur, appears to argue that as to the fire-damaged fasteners General Plating was negligent after the fire in holding and plating those fasteners. Assuming the court could have so found, there is a total absence of evidence that such negligence was a proximate cause of any damage to the fasteners exposed to the fire since under Syn's own evidence they were already worthless. Consequently, we find no legal theory supported by the evidence which sustains the trial court's award of damages for the value of all the fasteners. The trial court's judgment on the issue of damages to Syn is contrary to the evidence. We reverse the trial court's award of damages to Syn and remand for a hearing to award damages in an amount consistent with this opinion.

Affirmed in part, reversed in part and remanded.

STATON, P.J., and HOFFMAN, J., concur.