### Larry S. WECHTER, Petitioner,

### v.

### INDIANA DEPARTMENT OF STATE REVENUE, Respondent.

Cause No. 49T05–8809–TA–00048.

Tax Court of Indiana.

Sept. 27, 1989.

John E. Taylor, Williams & Taylor, Indianapolis, for petitioner.

Linley E. Pearson, Atty. Gen. by Terry G. Duga, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

This matter is before the court on petitioner's motion for summary judgment and respondent's response thereto.

---

## FACTS

Wechter challenges the Department's assessment for penalty and interest on delinquent sales tax pursuant to IC 6–2.5–9–3.[1] During the period assessed, Wechter was the president of a now defunct Indiana corporation, Muskies, Inc. Muskies owned and operated a restaurant/bar in Indianapolis which closed in September, 1985.

On August 9, 1985, the Department issued seven notices of assessment to Muskies for the period beginning November, 1984 and ending May, 1985. These notices were for delinquent sales tax plus penalty and interest.

Wechter, as responsible officer for Muskies, remitted seven cashier's checks in payment of actual sales tax due the Department. Wechter did not remit any money for the penalty and interest attributable to the sales tax. Wechter sought and was granted an injunction enjoining the Department from proceeding with collection efforts during the pendency of this original tax appeal.

## ISSUE AND DECISION

The sole issue to be determined is whether the Department can assess Wechter, as a responsible officer of Muskies, Inc., for penalty and interest under the version of IC 6–2.5–9–3 in effect during the period of assessment.

At the time the subject sales tax liabilities accrued, IC 6–2.5–9–3 provided in relevant part:

An individual who:

(1) is an individual retail merchant or is an employee, officer, or member of a corporate or partnership retail merchant; and

(2) has a duty to remit state gross retail or use taxes to the department of revenue;

holds those taxes in trust for the state and is personally liable for the payment of those taxes to the state.

Subsequently, the above statute was amended and the phrase "plus any penalties and interest attributable to those taxes" was added to the last line before "to the state." This amendment was effective July 1, 1986.

The Department's regulation in effect during the period of assessment provided in pertinent part:

Businesses hold sales ... taxes in trust accounts for the state of Indiana. If businesses do not properly remit these taxes, responsible officers can be held personally liable for those trust fund taxes. 45 IAC § 2.2–9–4.

Wechter contends that since the former version of the statute and the Department's regulation did not include "any penalties and interest attributable to those taxes" he cannot be held personally liable for penalties and interest.

In *Van Orman v. State* (1981), Ind.App., 416 N.E.2d 1301, Van Orman, a corporate officer, argued that he was not personally liable under existing law for unpaid corporate taxes which had accrued prior to April 1, 1967. The former version provided:

Every retail merchant shall be personally liable for such taxes, which shall constitute a trust fund in the hands of the retail merchant and shall be owned by the state. IC 1971, 6–2–1–49 (now repealed).

The statute was amended in 1967 to extend personal liability for the payment of the sales and use tax to "every officer ... of such retail merchant who as such officer ... is under a duty to remit such taxes."

The state argued that even though the former statute did not contain language

---

**1.** Wechter was also assessed for food and beverage tax but he apparently is not contesting this assessment although he does contest the penalty and interest thereon on the same basis as he contests the penalty and interest on the sales tax. The food and beverage tax statutes are found at IC 6–9–12–1 *et seq.* The food and beverage tax "shall be imposed, paid, and collected in the same manner that the state gross retail tax is imposed, paid, and collected under IC 6–2.5." IC 6–9–12–7. Neither party argues that the food and beverage tax should be treated any differently than the sales tax. Therefore, for the purposes of this case, the court will treat the imposition of the penalty and interest on the food and beverage tax in the same manner as the penalty and interest on the sales tax.

assigning personal liability to corporate officers, it was clear that the legislature intended to impose personal liability on persons doing business in the corporate form. The court rejected this argument. The court stated various rules of statutory construction including "when a statute is amended by the addition of a provision, a presumption is raised that the legislature intended to change the law unless it clearly appears an amendment was made only to express more clearly the original intention of the legislature." 416 N.E.2d at 1305. The court found no clear expression to the contrary and concluded that the amendment was a change in the law.

Likewise, to prevail in the case at bar, the Department must overcome the presumption that a change was intended by the amendment. The Department must show that it "clearly appears" that the 1985 amendment to IC 6–2.5–9–3 was a clarification of the original intention of the legislature.

Wechter and the Department each cite to various rules of statutory construction which best support their respective positions. The fundamental or cardinal rule in the construction of Indiana statutes is to ascertain the legislative intent. *Park 100 Development v. Indiana Dep't of State Revenue* (1981), Ind., 429 N.E.2d 220. When a statute is ambiguous, the court may look to subsequent amendments for evidence of the legislature's initial intent. *Seymour Nat'l Bank v. State* (1981), Ind., 422 N.E.2d 1223, 1226, *modified,* 428 N.E.2d 203. However, "we must bear in mind that the intent we are searching for is that of the legislature that passed the original statute, not that of any subsequent legislature." *Bailey v. Menzie* (1987), Ind. App., 505 N.E.2d 126, 128.

The Department relies heavily on the version of IC 6–2.5–9–3 effective as of July 1, 1986 to prove legislative intent. But, the court needs more. "Later acts of a legislature provide a 'highly unreliable basis for making a secondary inference respecting the original legislative intent.'" *Bailey,* 505 N.E.2d at 128 (quoting R. Dickerson, *The Interpretation and Application of Statutes* 179 (1975)). Moreover, "[t]o the extent that the amendment merely represents the opinion of the amending legislature as to how the statute should be construed, it is not controlling. Construction of doubtful statutes is a judicial function which the courts alone must perform." *Bailey,* 505 N.E.2d at 128.

■ On its face, the version of IC 6–2.5–9–3 in force during the period of assessment does not appear ambiguous. The statute clearly states that those individuals who have a duty to permit state gross retail or use taxes to the Department are personally liable for the payment of *those taxes* to the state. Another statute in force during the period of assessment stated that in the case of withholding tax, responsible officers would be personally liable for "such taxes, penalties, and interest." IC 1981, 6–3–4–8(d) (current version at IC 6–3–4–8(f)). It is difficult to conclude that the legislature, by its silence, intended penalties and interest to be included in IC 6–2.5–9–3 when it used the words "penalties and interest" in IC 6–3–4–8(d). If the intent was to include penalties and interest in both statutes, then both statutes should either include or exclude the words.

The Department contends that prior to the amendment of IC 6–2.5–9–3, the Department took the position that responsible officers could be held liable for penalties and interest due on sales and use tax. *See* Angelone, *Indiana Responsible Officer Tax Liabilities,* 23 Res Gestae 68 (1979).[2] The Department contends that other statutes which impose penalties and interest on individuals show that the legislature has always intended to impose penalties and interest under IC 6–2.5–9–3. The Department cites to the following:

---

2. This article was written by a former Hearing Officer for the Indiana Department of Revenue. The author notes that the sales tax statute does not specifically provide for the transfer of penalties to responsible officers but the withholding tax statute does. The author suggests the state is able to assess penalties in sales tax situations on the theory of joint liability.

IC 6–8.1–10–1 which provides in pertinent part:

Sec. 1. (a) If a person fails to file a return for any of the listed taxes, fails to pay the full amount of tax shown on his return by the due date for the return or the payment, or incurs a deficiency upon a determination by the department, the person is subject to interest on the nonpayment.

(b) The interest for a failure described in subsection (a) is twelve percent (12%) per year, or the adjusted rate established by the commissioner under subsection (c) of this section, whichever rate is in effect, from the due date for payment. The interest applies to:

(1) the full amount of the unpaid tax due if the person failed to file the return;

(2) the amount of the tax that is not paid, if the person filed the return but failed to pay the full amount of tax shown on the return; or

(3) the amount of the deficiency.

IC 6–8.1–10–2 which provides in pertinent part:

Sec. 2 (a) If a person fails to file a return for any of the listed taxes or fails to pay the full amount of tax shown on his return on or before the due date for the return or payment, incurs, upon examination by the department, a deficiency which is due to negligence, or fails to timely remit any tax held in trust for the state, the person is subject to a penalty.

\* \* \* \* \* \*

(d) If a person subject to the penalty imposed under this section can show that the failure to file a return, pay the full amount of tax shown on his return, timely remit tax held in trust, or pay the deficiency determined by the department was due to reasonable cause and not due to willful neglect, the department shall waive the penalty.

And IC 6–8.1–10–4 which provides in pertinent part:

Sec. 4. (a) If a person fails to file a return or make a full tax payment with that return with the fraudulent intent of evading the tax, he is subject to a penalty.

These statutes are found in Article 8.1. In the first chapter of Article 8.1, "listed taxes" is defined as including the state gross retail and use tax (IC 6–2.5). Furthermore, "person" is defined as including:

An individual, assignee, receiver, commissioner, fiduciary, trustee, executor, administrator, institution, national bank, bank, consignee, firm, partnership, joint venture, pool, syndicate, bureau, association, cooperative association, society, club, fraternity, sorority, lodge, corporation, Indiana political subdivision engaged in private or proprietary activities, estate, trust, or any group or combination acting as a unit. IC 1982, 6–8.1–1–3.

Since IC 6–2.5–9–3 applies to "an individual" it comes within the definition of "person" as used in IC 6–8.1. However IC 6–8.1–1–6 provides:

The provisions of this article apply for the purposes of imposing, collecting, and administering the listed taxes. However, if a provision of this article conflicts with a provision of the law relating to any of the listed taxes, the provision of the law relating to the listed tax controls for purposes of imposing, collecting or administering that listed tax.

IC 6–2.5–9–3 controls over any conflicting provision of IC 6–8.1. Therefore, the Department's reliance on Article 8.1 to show legislative intent is misplaced.

■ The court finds that during the period of assessment, IC 6–2.5–9–3 imposed liability on responsible officers for taxes and not for penalties and interest. Statutes which impose or levy taxes may not be extended beyond the clear import of the language of the statute. Such statutes are to be construed strictly against the state and in favor of the taxpayer. *Van Orman*, 416 N.E.2d at 1305. There was nothing in the statutes or regulations at the time of the assessment which would have put Wechter on notice of any personal liability for penalties and interest. Furthermore, the Department has failed to show

that it clearly appears that the 1985 amendment to IC 6–2.5–9–3 was a clarification of the original intention of the legislature.

It is therefore ORDERED, ADJUDGED AND DECREED that the petitioner, as a responsible officer, is liable for the food and beverage tax pursuant to IC 6–9–12–1 *et seq.* and is not liable for any of the penalty and interest assessed.

ORDERED.