Marilyn J. LONGMIRE, Lennea K. Thrasher, & T & L Signs, an Indiana partnership, Petitioners,

v.

INDIANA DEPARTMENT OF STATE REVENUE, Respondent.

No. 49T10–9307–TA–00040.

Tax Court of Indiana.

Aug. 12, 1994.

John Thrasher, Indianapolis, for petitioners.

Pamela Carter, Atty. Gen., Marilyn S. Meighen, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

The Petitioners, Marilyn Longmire, Lennea Thrasher, and T&L Signs (T&L) (collectively the Taxpayers), appeal the final determination of the Respondent, the Indiana Department of State Revenue (the Department), assessing adjusted gross income tax for 1987, 1988, and 1989 (the years in issue).

## ISSUE

Whether income earned by Longmire and Thrasher from their employment with the Indiana Department of Natural Resources (the DNR) is individual income or partnership income.

## FACTS AND PROCEDURAL POSTURE

In 1983, Longmire and Thrasher entered into a partnership agreement by which they modified their existing partnership, T&L Signs. The purpose of T&L, as stated in the 1983 agreement, was to create, publish, and sell *The Teacher's Helper*, a booklet designed to aid grade school teachers create student projects.

Beginning in 1986, the DNR hired Longmire and Thrasher, under its Construction, Repair and Rehabilitation Program (CR&R), to design and manufacture signs for Patoka Reservoir and the Indiana State Fair. This relationship continued through 1989 on a project-by-project basis, contingent on submitted employment applications and bids for each project.

In creating the signs for DNR, Longmire and Thrasher did all the work themselves, using T&L's tools. Although the DNR paid for materials, Longmire and Thrasher were responsible for obtaining them. The DNR paid Longmire and Thrasher individually, and at the end of each year in issue, issued W–2s to both Longmire and Thrasher.

Longmire and Thrasher treated the DNR income as partnership income and reported it on T&L's federal and state tax returns. On the Indiana partnership returns for the years in issue, T&L sought a refund of the state and local income taxes that were withheld from both Longmire and Thrasher's DNR paychecks. The Department granted full refunds for the years in issue.

The Department later determined it improperly granted the refunds. The Department held an administrative hearing on February 12, 1992, and issued its Letter of Finding on May 27, 1993. In that letter, the Department found that Longmire and Thrasher's DNR income was improperly reported as partnership income, and that the refund of tax assessed on the income was

incorrectly issued. Consequently, the Department issued income tax assessments against Longmire and Thrasher as individuals. Furthermore, the Department issued assessments against T&L to recoup the refunds and credits allowed as a result of the inclusion of the income on T&L's partnership returns. This appeal now follows. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

"The court reviews appeals from the Department *de novo.*" *Shoup Buses, Inc. v. Indiana Dep't of State Revenue* (1994), Ind. Tax, 635 N.E.2d 1165, 1167 (quoting *Kenny Kent Chevrolet Co. v. Indiana Dep't of State Revenue* (1994), Ind.Tax, 627 N.E.2d 890, 891). "Consequently, the court is bound by neither the issues nor the evidence presented at the administrative level." *Id.* at 1167 (citing *Kenny Kent,* 627 N.E.2d at 891).

## DISCUSSION AND DECISION

 The Indiana Constitution authorizes the taxation of income "from whatever source derived, at such rates, in such manner, and with such exemptions as may be prescribed by law." IND. CONST. art. X, § 8. Consequently, Indiana imposes three different income taxes: the gross income tax (IND.CODE 6–2.1–1–1 through 6–2.1–8–10); the adjusted gross income tax (IND.CODE 6–3–2–1 through 6–3–2–13); and the supplemental corporate net income tax (IND. CODE 6–3–8–1 through 6–3–8–6). Indiana corporations pay the greater of the gross income tax or adjusted gross income tax, plus the supplemental net income tax. *See* IC 6–3–3–2. *See also* 1 Ind.St.Tax.Rep. (CCH) P 70–005. Individuals pay the adjusted gross income tax only. IC 6–3–2–1.

 Partnerships[1], however, are unique entities: they are not subject to income tax. IC 6–2.1–3–25; 6–3–4–11; 6–3–8–1. Consequently, partnerships do not file state and federal income tax returns *per se,* but rather informational returns in which they report items of gross income and deduction and the names and distributive shares of their partners. IC 6–3–4–10. *See also* 26 U.S.C. § 701. Nevertheless, individual *partners* of a partnership are individually liable for their respective distributive shares of the partnership's taxable income. IC 6–3–4–11. *See also* 26 U.S.C. § 701. In other words, each partner reports his distributive share of partnership income on his individual adjusted gross income tax return. IC 6–3–4–11. *See also* 26 U.S.C. § 701–704.

In the case at bar, although Longmire and Thrasher were paid by the DNR individually, they reported the income as T&L partnership income. To support their argument that the income was partnership income, the taxpayers cite various provisions of the Indiana Uniform Partnership Act[2]:

> All property originally brought into the partnership stock or subsequently acquired by purchase or otherwise, on account of the partnership, is partnership property.

> Unless the contrary intention appears, property acquired with partnership funds is partnership property.

IC 23–4–1–8(1); 23–4–1–8(2). Furthermore, IC 23–4–1–21 requires that "[e]very partner must account to the partnership for any benefit, and hold as trustee for it any profits derived ... from any transaction connected with the ... conduct ... or any use by him of [the partnership's] property." Accordingly, Longmire and Thrasher conclude that because they did all work for the DNR with partnership tools, they were obligated to turn the resulting income over to the partnership.

The Department argues, however, that Longmire and Thrasher were individual employees of the State. "The State treated them as employees by issuing W–2's, by withholding federal, state and local taxes, and by making FICA contributions for

---

1. Indiana's Uniform Partnership Act defines partnership as "an association of two (2) or more persons to carry on as co-owners [of] a business for profit." IND.CODE 23–4–1–6. The Indiana Tax Code further states "[t]he term 'partnership' includes a syndicate, group, pool, joint venture, or other unincorporated organization through or by means of which any business, financial operation, or venture is carried on, and which is not ... a corporation or a trust or an estate." IND. CODE 6–3–1–19.

2. IND.CODE 23–4–1–1 through 23–4–1–43.

them[.]" *Transcript of Oral Argument* at 11. Thus, "because they were employees, that income was individual income, and should be properly taxed as individual income for adjusted income tax purposes." *Transcript of Oral Argument* at 11.

 The income tax scheme provides that individuals make payments on their adjusted gross income throughout the year. This is done through the withholding process, in which an employer withholds federal, state, and local income tax, as well as Federal Insurance Contributions Act (FICA) payments, from each employee's wage payment. IND.CODE 6–3–4–8(a); 26 U.S.C. § 3402. Prerequisite to the employer's obligation to withhold, however, is the employer-employee relationship. *See* 26 U.S.C. § 3401. Because the DNR issued W–2s to Longmire and Thrasher, the Department concludes that the W–2s were properly issued and that an employer-employee relationship exists. The court disagrees.

"Generally, the relationship of employer and employee exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished." 12 Stand.Fed.Tax Rep. (CCH) P 35,036. Consequently, the Internal Revenue Service has identified twenty factors that indicate whether sufficient control is present to establish an employer-employee relationship. *See* Rev.Rul. 87–41, 1987–1 CB 296. "The degree of importance of each factor varies depending on the occupation and the factual context in which the services are performed. The twenty factors are designed only as guides for determining whether an individual is an employee ..." *Id.*

The Department asserts that three main factors reflect DNR's right to control Longmire and Thrasher's work:

First, DNR required Longmire and Thrasher to personally make the state park signs and the state fair exhibits rather than allowing them to subcontract or delegate the work to others.... [Second,] DNR had the right to control the work because it required semi-monthly progress reports to be filed documenting the work-in-progress.... [And third,] DNR had the right to exercise control over the continuity of employment by requiring Longmire and Thrasher to submit employment applications on a project-by-project basis. Like any employee, Longmire and Thrasher had to satisfactorily perform in order to keep working.

*Respondent's Post Trial Brief* at 10–11. Based on the facts of this case, however, the court is not convinced that an employer-employee relationship did indeed exist.

"If the services must be rendered personally, presumably the person or persons for whom the services are performed are interested in the methods used to accomplish the work as well as in the results." Rev.Rul. 87–41, 1987–1 CB 296. In this case, the CR&R guidelines prohibited paying anyone who would use the money to pay employees to do the work. Thus, the Department argues that the DNR hired Longmire and Thrasher as individuals to render service personally. At trial, however, the taxpayers presented testimony indicating that the DNR knew it was hiring the partnership because T&L had no employees and had no intent to delegate responsibility for DNR work to anyone other than Longmire and Thrasher, the partners. *Transcript* at 20. The Department could have rebutted that testimony by calling a witness from the DNR to testify that the DNR did not know it was hiring a partnership. The Department did not.

"A continuing relationship between the individual and the person for whom services are performed is a factor which indicates that the individual is an employee." Rev.Rul. 87–41, 1987–1 CB 296. The Department asserts that the "DNR had the right to exercise control over the continuity of employment by requiring Longmire and Thrasher to submit employment applications on a project-by-project basis." *Respondent's Post Trial Brief* at 11. At trial, however, Longmire testified that bids and applications were submitted prior to each project. *Transcript* at 23. Longmire also testified that she was unaware if there was any competition for the contracts with the DNR. *Transcript* at 23.

The submission of bids is often described as "preliminary negotiation." *See* 1 Arthur L. Corbin, A COMPREHENSIVE TREATISE ON THE WORKING RULES OF CONTRACT LAW § 22 (1963). Indeed, "[a] quotation of prices is not an offer; for a mere quotation of price leaves unexpressed many terms that are necessary to the making of a contract." *Id.* at § 26. Consequently, bids are often used as a means to gather information from competitors for the best price possible. In this case, however, the Department did not submit any evidence to indicate that the applications and bids from the taxpayers were the only bids the DNR considered. Indeed, had Longmire and Thrasher been hired as employees, it is unlikely they would have repeatedly submitted applications and bids for each new project.

Finally, although both parties admit that Longmire and Thrasher were paid hourly, it was Longmire who determined the amount of hourly compensation as well as how many hours the project would receive. *Transcript* at 23. Once the taxpayers' bids were accepted, the DNR provided money to the taxpayers to enable them to purchase the materials needed for the project. *Transcript* at 22. The DNR placed no restrictions on the taxpayers as to where to work, when to work, or how to work. *Transcript* at 22.

Although statutes that impose tax are to be strictly construed against the State, *Wechter v. Indiana Dep't of State Revenue* (1989), Ind.Tax, 544 N.E.2d 221, 224 (citing *Van Orman v. State* (1981), Ind.App., 416 N.E.2d 1301, 1305), it is well settled in Indiana that a taxpayer who claims he is not within the ambit of taxation bears the burden of proof. *See Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue* (1992), Ind.Tax, 605 N.E.2d 1222, 1225. To meet his burden of proof, the taxpayer must present a prima facie case, or one in which the evidence is " 'sufficient to establish a given fact and which if not contradicted will remain sufficient.' " *GTE North, Inc. v. State Bd. of Tax Comm'rs* (1994), Ind.Tax, 634 N.E.2d 882, 887 (quoting *Thorntown Telephone Co. v. State Bd. of Tax Comm'rs* (1994), Ind.Tax, 629 N.E.2d 962, 964).

Once the taxpayer has presented a prima facie case, the duty to go forward with that evidence may shift several times. *Id.* (citing *Thorntown,* 629 N.E.2d at 965). Thus, it was incumbent on the Department to rebut the Taxpayers' prima facie case that the DNR income was partnership income. The mere issuance of W–2s, however, is not dispositive of the question whether Longmire and Thrasher were hired by the DNR as individuals. Indeed, the Rev.Rul. 87–41, 1987–1 CB 296 factors indicate there was no employer-employee relationship. Furthermore, the Department did not submit an employment agreement or contract between the parties. This instrument would have most likely indicated the DNR hired either Longmire and Thrasher individually as employees, or the T & L Signs partnership. Consequently, the Department's argument that, "because they were employees they are individuals for adjusted gross income tax purposes," must fail.

### CONCLUSION

The Department has failed to present evidence sufficient to rebut the Taxpayers prima facie case. Accordingly, the final determination of the Indiana Department of State is REVERSED.