Chadd BARNEY, Petitioner,

v.

INDIANA DEPARTMENT OF STATE
REVENUE, Respondent.

No. 49T10–0103–TA–30.

Tax Court of Indiana.

March 4, 2005.

Christopher F. Pole, Attorney at Law, Noblesville, IN, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Amber Merlau St.Amour, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

Chadd Barney (Barney) appeals the final determination of the Indiana Department of State Revenue (Department) assessing him with controlled substance excise tax (CSET). The issues for the Court to decide are: (1) whether the exclusionary rule bars the use of Barney's admissions in a tax assessment proceeding; (2) whether those admissions are sufficient evidence that Barney possessed the marijuana upon which the CSET assessment is based; and (3) whether the Department properly allowed for the weight of the marijuana's packaging when calculating the assessment.

## FACTS AND PROCEDURAL HISTORY

On February 3, 2000, Barney was arrested in Grant County, Indiana after receiving a parcel containing marijuana. During the post-arrest interview, Barney signed a United States Postal Inspection Service Warning and Waiver of Rights. He then admitted to receiving twelve other packages of marijuana at various addresses in Wabash and Grant Counties. Based on these admissions, the Department assessed Barney with CSET (and penalties) in the amount of $654,713.43.[1]

Barney protested the assessment and the Department held an administrative hearing on August 23, 2000. In its Letter of Findings issued on September 29, 2000(LOF), the Department determined that there was not sufficient evidence to show that Barney actually possessed six of the parcels for which he had been assessed. Accordingly, the Department sustained Barney's protest with respect to those parcels and denied his protest with respect to the remaining six parcels.[2]

Barney initiated an original tax appeal on March 26, 2001. The Court conducted a trial on October 10, 2001, and heard the parties' oral arguments on February 25, 2002. Additional facts will be provided as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court reviews final determinations of the Department de novo. IND. CODE ANN. § 6-8.1-5-1(h) (West 2005). Accordingly, it is bound by neither the evidence nor the issues presented at the

1. This assessment was based on 93,530.49 grams of marijuana. Although the marijuana itself was never recovered, the Department based its assessment on the parcel watch list from which Barney identified the shipments he had received. The list provided the weight of each parcel. In addition, the assessment did not relate to the marijuana received by Barney on February 3, 2000, for which he was criminally charged. Barney pleaded guilty to that charge, which is not at issue in this case.

2. In its Post–Trial Brief filed with this Court, the Department concedes that there is no convincing evidence in the record that three of these packages contained marijuana. (Resp't Post–Trial Br. at 4.) Consequently, the Department has agreed to further reduce the assessment; it is now based on only three packages. (Resp't Post–Trial Br. at 4.)

administrative level. *Snyder v. Indiana Dep't of State Revenue,* 723 N.E.2d 487, 488 (Ind. Tax Ct.2000), *review denied.*

## Discussion

### (1) *The Exclusionary Rule*

Barney first claims that his admissions may not be used as evidence that he possessed the marijuana at issue because they were secured through coercion and duress, *i.e.,* in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). More specifically, Barney contends that the police threatened his mother with a jail sentence and that "[t]his was a sufficient enough threat that [he] was willing to do whatever the police said to protect his mother." (Pet'r Proposed Findings of Fact, Conclusions of Law and Br. at 1.)

■ It is not necessary for this Court to determine whether or not a *Miranda* violation has occurred here. This is because, even assuming *arguendo* that Barney's admissions were obtained in violation of *Miranda,* it would not affect their admissibility before this Court. Although the exclusionary rule bars the use of illegally obtained evidence and confessions in criminal proceedings, it does not apply to tax assessment proceedings. *See State, Dep't of State Revenue v. Adams,* 762 N.E.2d 728, 729–730 (Ind.2002) (holding that the purpose of the exclusionary rule— the deterrence of police misconduct—is not served by applying the rule to CSET assessment proceedings). Consequently, the exclusionary rule does not bar the use of Barney's admissions in this appeal.

### (2) *Sufficiency of the Evidence*

Barney next argues that even if his admissions are allowable as evidence against him, they are not, by themselves, sufficient evidence to show that he possessed the marijuana at issue. The Department, on the other hand, argues that it has met its evidentiary burden by using the best information available to issue the assessment. (*See* Trial Tr. at 43.)

Indiana imposes the CSET on "controlled substances that are: (1) delivered; (2) possessed; or (3) manufactured; in Indiana in violation of IC 35–48–4 or 21 U.S.C. 841 through 21 U.S.C. 852." IND. CODE ANN. § 6–7–3–5 (West 2005). CSET is a listed tax which "the [D]epartment is required to collect or administer." *See* IND.CODE ANN. § 6–8.1–1–1 (West Supp. 2004–2005). Accordingly, if the Department reasonably believes that a person has not paid or reported the proper amount of CSET due, it must make a proposed assessment of the amount of the unpaid tax on the basis of the best information available to it. *See* IND.CODE ANN. § 6–8.1–5–1 (West Supp.2004–2005).

■ Although statutes that impose a tax—such as the CSET—are to be strictly construed against the State, it is well established in Indiana that "a taxpayer who claims he is not within the ambit of taxation bears the burden of proof." *Longmire v. Indiana Dep't of State Revenue,* 638 N.E.2d 894, 898 (Ind. Tax Ct.1994) (internal citation omitted). To meet this burden of proof, the taxpayer must present a prima facie case, or one in which the evidence is "sufficient to establish a given fact and which if not contradicted will remain sufficient." *Id.* (internal quotation omitted). Once the taxpayer has presented a prima facie case, the duty to rebut the taxpayer's evidence shifts to the Department. *See id.*

■ Barney has failed to meet his burden of proof. He has offered no evidence to show that the parcels for which he was assessed did not contain marijuana. Instead, Barney rests his argument almost

entirely on the claim that his admissions were made under duress. (*See* Oral Argument Tr. at 4–5 (referring to the *Miranda* issue as the "crux" of his argument).) However, as discussed above, his admissions are allowable as evidence against him even if they were obtained in violation of *Miranda.* Because Barney has presented no other evidence demonstrating his lack of possession, he has failed to present a prima facie case. Since Barney did not make a prima facie case, the burden never shifted to the Department to rebut Barney's evidence.

This Court finds that the Department based its CSET assessment against Barney on the best evidence available. *See* A.I.C. § 6–8.1–5–1. Indeed, in issuing its assessment, the Department relied on the parcel watch list showing that Barney signed for the three packages at issue, Barney's admission that the parcels contained marijuana, and the fact that he pleaded guilty with respect to receiving and possessing marijuana on February 3, 2000.[3] Whether this evidence would be sufficient to sustain a criminal conviction for possession of marijuana is not for this Court to decide. Rather, the Court must only find that the evidence is sufficient to sustain a CSET assessment. Accordingly, the Department's assessment will stand.

### (3) *Packaging Weight*

█ Finally, Barney claims that the Department did not properly account for the weight of the marijuana's packaging when calculating its assessment. More specifically, Barney claims that the Department, in its LOF, indicated that the parcels re-

ceived on November 24, 1999 and January 21, 2000 contained marijuana weighing 14 pounds, 12 ounces and 23 pounds, 8 ounces, respectively. (Pet'r Petition to Enjoin Collection of Tax ¶ 4.) According to Barney, however, these numbers reflect the total weights of the parcels, including packaging. (Pet'r Petition ¶ 4.) Consequently, Barney has requested that the weight of each package be reduced by 1 pound, 4 ounces and that the assessment be adjusted accordingly. (*See* Pet'r Petition ¶ 4.)

Upon review of the LOF, however, the Court finds no such discussion of the weights of each specific package. Indeed, the only instance in the record where the weights are listed individually is on the parcel watch list. (*See* Stip. Ex. 1.) The agent in charge of preparing the assessment has testified that he subtracted 1,300 grams per package from the weights provided on the parcel watch list in order to account for the weight of the packaging materials.[4] (*See* Trial Tr. at 9.) Therefore, in the absence of any other evidence to the contrary, the Court finds that the assessment properly allows for the weight of each parcel's packaging materials.

### CONCLUSION

For the aforementioned reasons, the Court AFFIRMS the Department's final determination assessing Barney with CSET.

---

**3.** Barney even concedes that "the facts and circumstances are virtually identical between what [Barney] was convicted for and [ ] what the controlled substance excise tax is being assessed [for]." (*See* Pet'r Contentions, Witness List and Ex. List ¶ 1.)

**4.** The agent arrived at a packaging weight of 1,300 grams by taking the net weight of the actual marijuana received on February 3, 2000 and subtracting it from the gross weight of the entire package. (Trial Tr. at 9.) The difference was 1,286.68 grams, which the agent rounded up to an even 1,300 grams. (Trial Tr. at 9.)