**Greg & Megan WILES, Petitioners,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

No. 49T10–0608–TA–71.

Tax Court of Indiana.

Feb. 15, 2008.

A. Donald Wiles, II, Harrison & Moberly, LLP, Indianapolis, IN, Attorney for Petitioners.

Stephen R. Carter, Attorney General of Indiana, Jennifer E. Gauger, Matthew R. Nicholson, Deputy Attorneys General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON PARTIES' CROSS–MOTIONS FOR SUMMARY JUDGMENT

FISHER, J.

Greg and Megan Wiles (the Wileses) appeal the final determination of the Indiana Department of State Revenue (Department) denying their claim for refund of withholding tax paid for the period from January 1, 2004 to June 30, 2004 (the period at issue). The matter is currently before the Court on the parties' cross-motions for summary judgment. The issue for the Court to decide is whether the Wileses' claim for refund is barred by their agreement under Indiana's Tax Amnesty Program (Amnesty Program).

## FACTS AND PROCEDURAL HISTORY

At all times relevant to this case, Megan Wiles was employed by the Central Indiana Community Foundation and Legacy Fund (CICF). Through her employment with CICF, Megan also served as Chairman of the Board of Inter–Cultural Services of Hamilton County, Inc. (ICS). Greg Wiles had no connection to either CICF or ICS, except through his wife Megan.

On January 8, 2004, ICS filed a Business Tax Application with the Department, to register its withholding obligation, indicating that it anticipated paying $2,700 per month in wages to its employees.[1] From March through April of 2005,

---

1. Indiana's "income tax scheme provides that individuals make payments on their adjusted

the Department, based on the best information available to it,[2] issued a total of six Notices of Proposed Assessment to ICS for the withholding obligation for the period at issue. In May of 2005, after the tax had gone unpaid, the Department issued six Demand Notices to ICS in the amount of $2,250 (not including penalties and interest). From June through September of 2005, the Department issued five Warrants for Collection of Tax to ICS. ICS never responded to the Department's notices.

In November of 2005, Megan paid ICS' tax liability under an agreement pursuant to the Amnesty Program. Megan paid the tax from the joint account she shares with her husband Greg. On March 10, 2006, the Wileses filed a claim for refund with the Department. The Department denied the claim on April 27, 2006.

On July 27, 2006, the Wileses filed this original tax appeal. On April 6, 2007, the Wileses moved for summary judgment. On June 13, 2007, the Department moved for summary judgment. This Court heard the parties' oral arguments on November 5, 2007. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

This Court reviews final determinations of the Department *de novo*. IND. CODE ANN. § 6–8.1–9–1(d) (West 2008). Therefore, the Court is bound by neither the evidence nor the issues presented at the administrative level. *Galligan v. Indiana Dep't of State Revenue*, 825 N.E.2d 467, 472 (Ind. Tax Ct.2005), *review denied.*

Summary judgment is appropriate only where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Cross-motions for summary judgment do not alter this standard. *Horseshoe Hammond, LLC v. Indiana Dep't of State Revenue*, 865 N.E.2d 725, 727 (Ind. Tax Ct.2007), *review denied.*

## DISCUSSION

In 2005, the Indiana legislature established the Amnesty Program. IND.CODE ANN. § 6–8.1–3–17(c) (West 2005). The Amnesty Program allowed taxpayers with delinquent tax liabilities, incurred before the period ending July 1, 2004, to pay the liability without incurring any interest, costs or other penalties that the Department would normally pursue. *Id.* Taxpayers, in exchange, agreed to waive their rights to protest the assessment or file a claim for refund. (Resp't Desig. of Evid. Ex. 9 at 5, § 19 (citing 29 Ind. Reg. 551 (Nov. 1, 2005)).)

The Wileses claim they are entitled to a refund because, during the period at issue, ICS had no paid employees and therefore no withholding obligation. (Pet'r Mem. in Supp. of Mot. for Summ. J. (hereinafter, Pet'r Br.) at 3.) More specifically, the

---

gross income throughout the year." *Longmire v. Indiana Dep't of State Revenue*, 638 N.E.2d 894, 897 (Ind. Tax Ct.1994). This is done through the withholding process by which an employer withholds federal, state, and local income tax from each employee's wage payment. IND.CODE ANN. § 6–3–4–8(a) (West 2004); 26 U.S.C. § 3402 (2006). Employers are obligated to withhold taxes from each employee's wage payment and are liable to the state for the payment of taxes withheld. A.I.C. § 6–3–4–8(a).

2. When the Department reasonably believes that a person has not reported the proper amount of tax due, the Department may make a proposed assessment of the amount of the unpaid tax on the basis of the best information available to it. IND.CODE ANN. § 6–8.1–5–1(a) (West 2004). The burden of proving that a proposed assessment is wrong rests with the person against whom the proposed assessment is made. IND.CODE ANN. § 6–8.1–5–1(b) (West 2004).

Wileses contend that because both they and the Department made a "mutual mistake of fact," that ICS had a withholding obligation when it did not, the Amnesty Agreement should be rescinded. (Pet'r Br. at 4–5.) The Court disagrees.

■ The Amnesty Program applied to "taxpayers having an unpaid tax liability for a listed tax that was due and payable[.]" A.I.C. § 6–8.1–3–17(c). Under the Amnesty Program, a listed tax was considered due and payable if the Department issued: "(A) an assessment of the listed tax and demand for payment under IC 6–8.1–5–3; or (B) a demand notice for payment of the listed tax under IC 6–8.1–8–2[.]" *Id.* at (d). Based on the information provided to it by ICS, the Department issued several proposed assessments to ICS as well as demand notices for payment under Indiana Code § 6–8.1–8–2. (Resp't Desig. of Evid. Ex. 3.) Accordingly, the tax at issue here was due and payable. When Megan voluntarily paid ICS' tax liability under the Amnesty Program, she agreed to be bound by the terms of the agreement, which provided, *inter alia,* that she would not file a claim for refund of the tax paid.[3] (Resp't Desig. of Evid. Ex. 9 at 5, § 19 (citing 29 I.R. 551) (footnote added).)

## CONCLUSION

For the foregoing reasons, the Wileses' motion for summary judgment is DENIED and the Department's motion for summary judgment is GRANTED.

---

**3.** The Court notes, however, the Department's Amnesty Program provided an opportunity for taxpayers to receive refunds or credits of overpayments based on computational errors. (*See* Resp't Desig. of Evid. Ex. 9 at 5, § 21 (citing 29 Ind. Reg. 551 (Nov. 1, 2005)).)